**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marion J. RUSSELL, Jr., a/k/a John Ross, Defendant-Appellant.**

**Nos. 85–3152, 85–3414
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Nov. 18, 1985.

Paul Shimek, Jr., Pensacola, Fla., for defendant-appellant.

Stephen P. Preisser, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before FAY, JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

After having pled guilty to four counts of knowingly transporting stolen property in interstate commerce in violation of 18 U.S.C. § 2314 and being sentenced, appellant filed several motions seeking relief. The motions included a request that appellant be allowed to withdraw his guilty plea, a request for reduction of sentence, a request for vacation of sentence and a suggestion that the sentencing judge was biased against defense counsel. All requests were denied.

On appeal we are presented three issues:

(1) Whether the recusal of Judge Arnow, who accepted the guilty pleas, and the absence of any notice to appellant prior to the actual sentencing before Judge Vinson violated any due process rights of appellant.

(2) Whether the trial court erred in denying appellant's petition under 28 U.S.C. § 2255 without a hearing.

(3) Whether the trial court had jurisdiction to rule on a Rule 35 [Fed.R.Crim.P. 35(b)] motion after a notice of appeal had been filed as to earlier rulings.

■ We answer questions (1) and (2) in the negative. By Order dated February 21, 1985, the Honorable Roger Vinson, United States District Judge, set forth the factual background of and the reasons for his rulings. The record provides ample support for all factual findings made and we agree with the legal conclusions drawn. Based upon this Order, which we attach, these rulings are affirmed.

■ It appears that on March 1, 1985, at 3:31 P.M., appellant filed a motion for reduction of sentence (Rule 35). On the same day at 4:31 P.M., appellant filed a notice of appeal from the Order of February 21. Although the court ruled on this Rule 35 motion on May 6, 1985, it was without jurisdiction. *Berman v. United States,* 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937). The order of May 6, 1985 is vacat-

ed and the matter remanded for reconsideration and disposition.

Affirmed in part; reversed in part.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION

### UNITED STATES OF AMERICA

v.

### MARION J. RUSSELL

PCR 84–465–RV

### ORDER

Defendant Russell has filed a motion to withdraw his plea of guilty and to vacate and set aside his sentence. (Doc. 15) I sentenced the defendant after Senior Judge Winston E. Arnow, who accepted the defendant's guilty plea at the Rule 11 hearing, had recused himself.

Initially, several preliminary observations are in order:

(a) Judge Arnow's order of recusal was entered on February 5, 1985, the day before defendant Russell's sentencing.

(b) At the sentencing hearing, I assumed that all parties had been promptly advised of Judge Arnow's recusal, and no one indicated to the contrary.

(c) Neither the defendant nor defendant's counsel acted surprised that they had come to my courtroom to be sentenced by me, rather than to Judge Arnow's courtroom to be sentenced by him.

(d) The defendant, defendant's counsel, and all parties present at sentencing acted like they knew exactly why they were before me and that they were fully aware of my role, as the transcript of the sentencing hearing reveals.

The defendant has moved, pursuant to Title 28, *United States Code,* Section 2255, or in the alternative pursuant to a common law writ of error *coram nobis,* to vacate and set aside this Court's sentence imposed by judgment of February 6, 1985, and to

withdraw his plea of guilty accepted by the Court on January 2, 1985.

(1) *Procedural Basis of the Defendant's Motion.* Rule 32(d), Federal Rules of Criminal Procedure, was amended in 1983 to address the type of situation presented here. The rule specifically provides that, after sentence has been imposed: "a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255."

Title 28, *United States Code*, Section 2255 provides in pertinent part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Although Mr. Russell is not currently "a prisoner in custody" (since he remains at liberty pending the execution of the sentence) as Section 2255 requires by its plain language, "remedial statutes should be liberally construed." *Peyton v. Rowe,* 391 U.S. 54, 65, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426, 433 (1968). Referring to the companion general habeas corpus statute, the United States Supreme Court has indicated that:

The very nature of the writ demands that it be administered with the initiative and flexibility essential to insure that miscarriages of justice within its reach are surfaced and corrected.

*Harris v. Nelson,* 394 U.S. 286, 291, 89 S.Ct. 1082, 1086, 22 L.Ed.2d 281, 286 (1969). (Referring to 28 U.S.C. § 2241)

Following this reasoning, the Court has liberally construed the "in custody" requirement in *habeas corpus* petitions. *Lef-*

*kowitz v. Newsome,* 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975); *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973); *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). The Fifth Circuit has also interpreted "in custody" liberally. *Simmons v. United States,* 437 F.2d 156 (5th Cir. 1971); *Capler v. City of Greenville, Mississippi,* 422 F.2d 299 (1970); *Marden v. Purdy,* 409 F.2d 784 (5th Cir.1969). The reasoning in these cases with regard to Section 2241 is equally applicable to Section 2255 and, therefore, defendant Russell is "in custody" for purposes of this motion. *See, e.g., Ward v. Knoblock,* 738 F.2d 134 (6th Cir.1984).

The standard Mr. Russell must meet to receive the relief he requests under Section 2255 is "a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure." *Hill v. United States,* 368 U.S. 424, 425, 82 S.Ct. 468, 7 L.Ed.2d 417, 421 (1962). However, the motion and record in a case may conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255. Rule 32(d) requires the defendant to proceed via Section 2255.[1]

(2) *The Substance of Defendant's Motion.* Russell asserts that his Fifth Amendment right to due process of law was violated by my imposition of sentence:

The violation of due process is the failure of the trial court to provide the [defendant's attorney] and/or Russell or both with a copy of Judge Arnow's recusal or announcement of the contents of that order, thereby permitting Russell and his counsel to conclude that Judge Arnow was the deciding judge, though his replacement on the bench might be merely

---

**1.** Defendant requests that the Court also treat this motion as a petition for writ of error *coram nobis.* There are limitations on this writ, including the requirement that no statutory remedy is available or adequate. *Correa-Negron v. United States,* 473 F.2d 684, 685 (5th Cir.1973). Defendant's complaint is that his sentence was imposed in an illegal manner, *i.e.:* in violation of his constitutional right. Rule 35 of the Federal Rules of Criminal Procedure may also be available to address this allegation. *See also,* Rule 60(b), F.R.Civ.P. Despite the express abolishment of the writ of *coram nobis* relief in federal civil actions, it survives in criminal cases under the All Writs Statute, Title 28, *United States Code,* Section 1651(a). Regardless of the specific procedural basis for the defendant's motion, the substantive analysis of the motion will, essentially, be the same.

for filling in and for reading the sentence to be imposed for some valid reason such as illness or some other legitimate reason precluding his appearance at that instant on the bench.

\* \* \* \* \* \*

[A] substantial bias of the trial judge probably exists against counsel for defendant which bias manifests itself in the failure to advise of the change of judges and in the sentence itself imposed.

This "substantial bias of the trial judge [me]" is identified in defendant's affidavit as due to the issuance of a gag order by both Judge Arnow and me in another pending criminal case in which Mr. Shimek, defendant's counsel here, represents the defendants. Defendant maintains that, had he and his counsel known that Judge Arnow had recused himself, he would have moved to withdraw and vacate the guilty plea.

The Government responds that the transcript of the sentencing refutes the allegation that the defendant and/or his counsel thought that I would merely recite a sentence which Judge Arnow had already determined. Defendant's counsel specifically inquired if I had read all the material presented to me, in addition to the presentence report:

THE COURT: So at this time, Mr. Russell, or, Mr. Shimek, I give you the opportunity. Let's begin with the presentence report. Any comment regarding the contents of that report?

MR. SHIMEK: Yes, Your Honor, there is some comment. First of all, the report is a synopsis, and there was other matter presented. Has the Court had an opportunity to read all of the other matter that was presented?

THE COURT: Yes, I have. I have, in fact, spent several hours last night going through all of this.

MR. SHIMEK: Okay, good. I have some general comments then, Your Honor, that I would like to point out. I would like also for the Court to permit both of us to comment.

Surely, there would have been no purpose for me to have read the extensive material provided by the defendant if I were merely "filling in" and publishing a decision previously made by Judge Arnow.

Mr. Shimek also commented on the short time that I had to review the information concerning the defendant:

MR. SHIMEK: To the extent that the Court can comprehend on short notice all that which is had before it, then to that extent justice can be accomplished.

Finally, both Mr. Shimek and defendant Russell, in each's comments to me, asked for mercy:

MR. SHIMEK: It's a desperate situation. I sometimes can prognosticate or guess what a Court will do, but I frankly am at a total loss in this case. I know what I would do, but everyone needs mercy from time to time, and this is one case it's desperately needed. I know first comes judgment, then comes mercy, but I can only point to the record of a man who tried to help, who took some chances, and he failed.

\* \* \* \* \* \*

MR. RUSSELL: I recognize what I did was wrong, and I don't deny that, and I just beg the mercy of the Court.

It was, and is, clear that both defendant Russell and his counsel were aware that it was I, and not Judge Arnow, who would determine the defendant's sentence.

Defendant's motion and affidavit imply that he anticipated a lighter sentence from Judge Arnow than the one received from me:

Judge Arnow would not permit pleading on one count but required pleading on all counts plus being left wide open for payment of restitution if he decided to impose it. So I pled to all counts and expected to be hit with full restitution on all counts in addition to whatever other conditions Judge Arnow might place upon me, including prison. With Judge Arnow being the sentencing judge I was

willing to take my chances, but with no one else.

\* \* \* \* \* \*

It is clear from the record that the crucial factor that tipped the scale in favor of pleading guilty was the fact that Judge Arnow was sitting in charge of the case. The danger to loss of life caused by the trauma of trial was substantially compensated for by the presence of Judge Arnow as the sentencing judge.

Regardless of the sentence defendant anticipated, the legal principles are clear that a plea cannot be vacated because the defendant anticipated a lighter sentence.

The Rule 11 provision that a defendant must be shown to understand "the consequences of his plea" does not mean that he must know the sentence that he will receive.

United States v. Maggio, 514 F.2d 80, 87 (5th Cir.1975); see also, Knight v. United States, 611 F.2d 918 (1st Cir. 1979); Matthews v. United States, 569 F.2d 941 (5th Cir.1978); United States v. Battle, 447 F.2d 950 (5th Cir.1971).

There is no claim that there was an undisclosed and unfulfilled plea bargain for a lesser sentence. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Defendant also implies that he had a right to be sentenced by the same judge who took his plea. The Government asserts that there is no such right, relying on United States v. Pizzo, 453 F.2d 1063 (3rd Cir.1972). In Pizzo, the defendant pleaded guilty before District Judge Whipple and was sentenced by District Judge Shaw. The defendant claimed that he pleaded guilty only on condition that Judge Whipple personally would sentence him. The Third Circuit found that "even if Judge Whipple had promised that he would sentence him, he did not plead guilty only on that condition." Id. at 1065. Defendant does not claim that Judge Arnow made any such promise to personally sentence him. I find no legal requirement that sentence must be imposed by the same judge who accepted the defendant's guilty plea. Moreover, the presentence report that was first presented to Judge Arnow was presented to me, without any changes, and formed the basis of my sentencing decision. I am confident that defendant Russell fared neither better nor worse than he would have before Judge Arnow.

Defendant maintains in his affidavit that there was obvious hostility between me and defendant's counsel. I want to make it very clear that I have absolutely no animosity toward Mr. Shimek, defendant's counsel; on the contrary, I have known, respected, and liked him for years. Further, what happens, or is happening, in one case before me has no effect on other cases before me. The Government noted no such hostility and points out that the very gag order complained of in defendant's affidavit was signed by *both* Judge Arnow and me.

The matters that took place at sentencing are fully reflected in the transcript and need no further factual inquiry from me. It is my conclusion that no evidentiary hearing is required because the record is also clear that the defendant's plea was properly determined to be voluntarily and knowingly made, and sufficiently supported by the evidence, all as required by Rule 11, Federal Rules of Criminal Procedure.

Finally, the 1983 amendment to Rule 32(d) was intended to address the problems identified in United States v. Barker, 514 F.2d 208 (D.C.Cir.1975). The court in Barker commented on the "near-presumption" against post-sentence withdrawal motions, and those comments are equally applicable here:

Two reasons of policy have been advanced to explain the near-presumption which Rule 32(d) erects against post-sentence withdrawal motions. The first is that post-sentence withdrawal subverts the "stability" of "final judgments." The second reason is that the post-sentence withdrawal motion often constitutes a veiled attack on the judge's sen-

tencing decision.... 514 F.2d at 219–20 (citations omitted)

I find no merit in the defendant's allegations of deprivation of due process of law, nor do I find any substantial reasons asserted for withdrawal of the guilty plea or vacating the sentence. There has been no "miscarriage of justice" or violation of the "rudimentary demands of fair procedure." *Hill v. United States, supra.* Therefore, defendant's motion to vacate and set aside sentence, and his motion to withdraw plea, are hereby DENIED.

DONE AND ORDERED this 21st day of February, 1985.

s/Roger Vinson
ROGER VINSON
United States District Judge