UNITED STATES of America, Appellee,

v.

Louis DISTASIO, Sr.,
Defendant, Appellant.

UNITED STATES of America, Appellee,

v.

Jerry J. DISTASIO,
Defendant, Appellant.

Nos. 86–1765, 86–1766.

United States Court of Appeals,
First Circuit.

Argued March 3, 1987.

Decided June 8, 1987.

Robert M. Napolitano, Portland, Me., for defendant, appellant Louis Distasio, Sr.

Jura A. Burdinik, Portland, Me., for defendant, appellant Jerry J. Distasio.

Margaret D. McGaughey, Asst. U.S. Atty., with whom Richard S. Cohen, U.S.

Atty., and Joseph H. Groff III, Asst. U.S. Atty., Portland, Me., were on brief for appellee.

Before COFFIN and TORRUELLA, Circuit Judges, and PETTINE,* Senior District Judge.

PETTINE, Senior District Judge.

This appeal raises a question of first impression in this Circuit: whether a defendant may appeal the adequacy of a sentence reduction granted under Rule 35(b) of the Federal Rules of Criminal Procedure. Although we rule that sentence reductions are appealable, and we outline the applicable standard of review, we remand this case to the district court to cure a serious jurisdictional defect.

## I.

### A.

On December 19, 1985, a federal grand jury for the District of Maine returned two indictments against the appellant Louis Distasio, Sr. (and others) in connection with two marijuana-importing conspiracies in which Mr. Distasio was alleged to have been a central figure. The first indictment, No. 85–00039P, charged Mr. Distasio with conspiring to possess with intent to distribute a quantity of marijuana in excess of 1,000 pounds in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(6) (1982). Count II charged Mr. Distasio as a principal with possession with intent to distribute a quantity of marijuana in excess of 1,000 pounds in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(6) and 18 U.S.C. § 2 (1982). The second indictment, No. 85–00040P, charged Mr. Distasio with conspiring to possess with intent to distribute quantities of marijuana and hashish in excess of 1,000 pounds with several counts of possession with intent to distribute differing quantities of marijuana; with several counts of aiding and abetting the distribution of marijuana and hashish; with several counts of failing to report illegally gained income on his federal income tax returns; and with one count of conspiring to defeat the law-

ful functions of the Internal Revenue Service.

Rather than stand trial, the appellant entered into a plea agreement with the government. The appellant agreed to plead guilty to Count I of the first indictment (conspiring to possess with intent to distribute a quantity of marijuana in excess of 1,000 pounds), to the same charge in the second indictment, and to one count of conspiring to obstruct the functions of the Internal Revenue Service. The plea agreement also incorporated Mr. Distasio's promise to cooperate with law enforcement officials.

On August 1, 1986, Mr. Distasio appeared before the district court for sentencing. During the sentencing hearing, the district judge noted that in his years as a member of the bench and bar, he had "never seen a more reprehensible person." (Sent. tr. at 14). The court viewed Mr. Distasio as a drug-trafficking ringleader who was "surrounded by the wreckage of more lives to the knowledge of the Court than any other person who has ever stood here." (Sent. tr. at 12). The court sentenced the appellant to fifteen years imprisonment with a $50,000 fine on the first drug conspiracy charge, to ten years imprisonment on the second drug conspiracy charge, and to two years imprisonment on the income tax charge, with all sentences to be served consecutively. All told, the appellant faced twenty-seven years in prison and a $50,000 fine.

The court was not convinced that Mr. Distasio's cooperation with the government to that point warranted leniency on the court's part, but the district judge stated that he would consider reducing Mr. Distasio's sentence pursuant to Fed.R.Crim.P. 35 in the event Mr. Distasio's cooperation continued. On the government's motion, the court dismissed the charges remaining against Mr. Distasio.

On August 6, 1986, Mr. Distasio filed a notice of appeal with the district court in connection with "the final judgement entered in this action on the first day of August, 1986." (R.A. Vol. I, No. 22).

---

* Of the District of Rhode Island, sitting by designation.

Thereafter, on October 19, 1986, the appellant filed a motion for reduction of sentence pursuant to Fed.R.Crim.P. 35(b). The government supported the appellant's motion which was argued to the district court and granted on November 14, 1986. The district court reduced Mr. Distasio's fifteen-year sentence on the first drug conspiracy charge to eight years while leaving the rest of its earlier sentence intact. Mr. Distasio has appealed the adequacy of the sentence reduction he received, further prosecuting the "appeal which had been filed prior to the hearing on the motion...." (Br. of Appellant Louis Distasio, Sr. at 3).

### B.

Jerry J. Distasio is the son of Louis Distasio, Sr., who, with his father, was engaged in the family's narcotics business; along with his father, Jerry Distasio was charged in the indictments returned on December 10, 1985. Jerry Distasio was charged in the first indictment with conspiring to possess with intent to distribute a quantity in excess of 1,000 pounds of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(6) and 846 (1982) as well as with possession with intent to distribute in excess of 1,000 pounds of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(6) and 18 U.S.C. § 2 (1982). The second indictment charged Mr. Distasio with conspiring to possess with intent to distribute quantities of marijuana and hashish in excess of 1,000 pounds in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(6) (1982); with two counts of possession with intent to distribute substantial amounts of marijuana; with two counts of failing to report illegally gained income on his federal income tax returns; and with one count of conspiring to defraud the United States by impairing or obstructing the lawful functions of the Internal Revenue Service.

Like his father, Jerry Distasio chose to cooperate with the government and, pursuant to a plea agreement, Mr. Distasio pleaded guilty to the drug conspiracy charge alleged in the first indictment; to one count of possession with intent distrib-

ute marijuana as alleged in the second indictment; and to the charge of conspiring to defraud the United States with intent to impede the functions of the Internal Revenue Service. On August 1, 1986, Mr. Distasio was brought before the district court for sentencing. The district judge sentenced Mr. Distasio to serve a ten-year prison term and to pay a $5,000 fine in connection with the drug conspiracy charge. The court also imposed a five-year prison term with an additional post-incarceration special parole term of three years to be served consecutively with the ten-year sentence. The court fined Mr. Distasio an additional $5,000 on the tax conspiracy charge. Jerry Distasio was sentenced to serve a total of fifteen years in prison with a special three-year probationary period and to pay a $10,000 fine. The district court's sentence exceeded the government's recommendation primarily because the court concluded that self interest alone had motivated Mr. Distasio's cooperation; the court concluded that Mr. Distasio's lack of genuine remorse indicated a lesser capacity for rehabilitation.

On August 6, 1986, Jerry Distasio filed a notice of appeal from "the final judgement entered in this case on the first day of August, 1986." (R.A. Vol. I, No. 9). On October 15, 1986, Jerry Distasio moved for reduction of his sentence in accordance with Rule 35(b) of the Federal Rules of Criminal Procedure. The court held a hearing on the motion on November 14, 1986, and in recognition of the appellant's continuing cooperation with the government, the district judge reduced Mr. Distasio's ten-year sentence to a term of seven years. In all other respects, Mr. Distasio's sentence remained the same. Mr. Distasio seeks review of the sentence reduction pursuant to the notice of appeal filed on August 6, 1986. Because the Distasio's appeals present identical legal questions, we treat them together in the following discussion.

### II.

Although we would like to resolve the substantive issues presented in these twin

appeals, we are faced at the outset with a grave jurisdictional defect which requires us to remand the cases for district court's cure. A chronological examination of these cases' progress through the courts uncovers the fact that the Distasios had filed their notices of appeal prior to moving for their sentence reductions; the district court was, therefore, without jurisdiction to amend its earlier sentences. While neither the appellants nor the government have addressed this issue on appeal, we are not entitled to overlook this jurisdictional problem despite the parties' failure to note it.

■ As a general rule with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal. *See United States v. Wells*, 766 F.2d 12, 19 (1st Cir.1985); *Spound v. Mohasco Indus., Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976). As the Supreme Court has stated, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam); *see also United States v. Edwards*, 800 F.2d 878, 883 (9th Cir.1986); *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir.), *cert. denied*, 469 U.S. 1021, 105 S.Ct. 440, 83 L.Ed.2d 366 (1984); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice*, ¶ 203.11 at 3–44. This rule applies with equal force to sentencing. Thus, a docketed notice of appeal suspends the sentencing court's power to modify a defendant's sentence. *See Berman v. United States*, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed.2d 204 (1937); *United States v. Ellenbogen*, 390 F.2d 537, 542 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968).

■ Rule 35(b) of the Federal Rules of Criminal Procedure provides that:

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

Nothing in the language of the rule suggests that its drafters intended to alter this longstanding jurisdictional principle. Indeed, the circuit courts have uniformly acknowledged that the sentencing court is without jurisdiction to rule on a motion for reduction of sentence once a notice of appeal has been docketed. *See, e.g., United States v. Russell*, 776 F.2d 955, 956 (11th Cir.1985); *United States v. Johns*, 638 F.2d 222, 224 (10th Cir.1981); *United States v. Hayes*, 589 F.2d 811, 827 n. 8 (5th Cir.), *cert. denied*, 444 U.S. 847, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979); *United States v. Mack*, 466 F.2d 333, 340 (D.C.Cir.), *cert. denied*, 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972); *United States v. Burns*, 446 F.2d 896, 897 (9th Cir.1971). Accordingly, we are compelled to vacate the district court's reduction of the appellants' sentences and to remand the cases for reconsideration of the appellants' Rule 35(b) motions.

### III.

Although we are constrained to remand this matter for reconsideration and reinstatement of the appellants' sentence reductions, we do not believe that our holding precludes consideration, albeit in dictum, of the appealability question presented here. The government concedes that a defendant may freely appeal the denial of a motion to reduce a lawful sentence, *see* 3 C. Wright, *Federal Practice and Procedure*, § 586 at 415–16, but it contends that this right does not extend to motions for reduction of sentence that are granted, but not to the de-

fendant's satisfaction. We believe it would disserve the parties and squander judicial resources to postpone ruling on a question that will determine the procedural viability of any further appeal the Distasios may choose to pursue. Furthermore, by resolving this issue now, we hope to eliminate any deterrent to future appeals that uncertainty in the law can create. Accordingly, we rule that a criminal defendant may appeal the adequacy of sentence reductions granted pursuant to Fed.R.Crim.P. 35(b).

A motion for a reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure is essentially a "plea for leniency" which offers the sentencing court an opportunity to temper its original sentence when presented with considerations appealing to its compassion. *See Poole v. United States*, 250 F.2d 396, 401 (D.C.Cir.1957); *United States v. Ellenbogen*, 390 F.2d 537, 543 (2d Cir.1968); *United States v. Kadota*, 757 F.2d 198, 199 (8th Cir.1985); *United States v. Ames*, 743 F.2d 46, 48 (1st Cir.1984); *United States v. Eddy*, 677 F.2d 656, 657 (8th Cir.1982). A Rule 35(b) motion is committed to the informed discretion of the trial court and denial of the motion will only be reversed for illegality or for a gross abuse of discretion. *See Ames*, 743 F.2d at 48; *Kadota*, 757 F.2d at 199; *Eddy*, 677 F.2d at 657; *United States v. Dawson*, 642 F.2d 1060, 1062 (7th Cir.1981) (per curiam); *United States v. Lacey*, 661 F.2d 1021, 1022 (5th Cir. Unit A 1981); *United States v. Nerren*, 613 F.2d 572, 573 (5th Cir.1980); *United States v. Yates*, 553 F.2d 502, 503–04 (5th Cir.1977). Denial of a motion for reduction of sentence constitutes an exercise of the sentencing court's discretion against mitigating a defendant's sentence; appellate review ensures that the sentence reduction was not illegally or unjustly withheld. And to the extent that denial of a motion for reduction of sentence represents an exercise of the sentencing court's discretion, we can find no principled basis upon which to distinguish it from an allegedly inadequate reduction for the purpose of appellate review.

Our system of criminal adjudication affords the trial court tremendous discretion to fashion appropriate sentences while the purpose of appellate review of those sentencing decisions is to "create[] a check upon this unlimited power" which "should lead to a greater degree of consistency in sentencing." *United States v. DiFrancesco*, 449 U.S. 117, 143, 101 S.Ct. 426, 440, 66 L.Ed.2d 328 (1980). It is therefore appropriate for this court to extend the safeguard of appellate review to discretionary sentence reductions granted pursuant to Rule 35(b). Indeed, a contrary ruling would create the inequity of allowing review of outright denials of Rule 35(b) motions while foreclosing all review of sentence reductions, no matter how small the reduction in proportion to the original sentence. An unjust sentence reduction should be open to the same review as no reduction at all.

Although sentence reductions may be appealed on the same grounds as denied Rule 35(b) motions, we note that it will undoubtedly be even more difficult for an appellant who has received a sentence reduction to demonstrate the illegality or gross abuse of discretion required for reversal on appeal. A sentence reduction tends to demonstrate that the sentencing court considered the factors which arguably weighed in favor of mitigation.[1] However, the opportunity for appeal should not be determined by the difficulty of success.

The district court's reduction of the appellants' sentences are hereby vacated and the cases are remanded to the district court.

---

1. Indeed, were we to address the merits of the appellants' contentions, we would be hard-pressed to find that twenty-five and twenty percent sentence reductions inadequately compensated the appellants for their cooperation with the government so as to constitute a gross abuse of discretion.