UNITED STATES of America, Appellee,

v.

Dwight H. LEDBETTER, Appellant.

No. 88–2492.

United States Court of Appeals,
Eighth Circuit.

Submitted April 10, 1989.
Decided Aug. 22, 1989.

---

**1346**

Thomas M. Dawson, Leavenworth, Kan., for appellant.

J. Daniel Stewart, Kansas City, Mo., for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Dwight H. Ledbetter appeals from the District Court's [1] order denying his Rule 35 motion to vacate his twenty-one month sentence for violating 18 U.S.C. § 1001 (1982). *See* Fed.R.Crim.P. 35 (Rule applicable to offenses committed prior to Nov. 1, 1987). Because the District Court lacked jurisdiction to entertain this Rule 35 motion, we dismiss the appeal without prejudice.

Ledbetter was charged in a twenty-six-count indictment stemming from his involvement in a check-kiting scheme. The indictment alleged that Ledbetter, as president of Ozark County Cattle Company, Inc., a company registered with the Packers and Stockyards Administration of the United States Department of Agriculture to buy and sell livestock, defrauded the First Stockyards Bank of St. Joseph, Missouri, by kiting drafts for fraudulent cattle purchases (counts one through thirteen) and that invoices showing purchases of cattle, which the Packers and Stockyards Administration required Ledbetter to prepare, were false, fictitious, and fraudulent (counts fourteen through twenty-six). Following his indictment, Ledbetter filed two pretrial motions containing essentially the same allegations (a motion to dismiss for governmental misconduct and a motion to enforce plea bargain). Both motions alleged that the Department of Agriculture promised to recommend no criminal prosecution if Ledbetter signed a consent decree to resolve the administrative complaint brought against him as a result of the kiting scheme.[2] The United States denied

that such a promise had been made to Ledbetter.

After a hearing on the matter, the court found that there was no agreement between Ledbetter and the Department of Agriculture (other than the consent decree) and consequently no misconduct on the part of the Government. On July 29, 1988, pursuant to a plea agreement, Ledbetter pled guilty to two of the false statement counts (Nos. 14 and 15). The plea agreement provided that, pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, "defendant reserves the right, on appeal from the judgment, to review the denial of defendant's motion to dismiss for government misconduct and motion to enforce plea bargain." The plea agreement also provided that "[a]t the time of sentencing, United States will make a non-binding recommendation of probation on one of the two counts and make no sentence recommendation on the other count of the indictment."

The court sentenced Ledbetter to twenty-one months incarceration on count fourteen and to five years probation on count fifteen. Ledbetter also was ordered to make restitution to the Federal Deposit Insurance Corporation in the amount of $335,000.

On September 29, 1988, Ledbetter filed a timely notice of appeal. On November 21, 1988, during the pendency of his appeal, Ledbetter filed a Rule 35 motion requesting that he be resentenced because: (1) the government violated the plea agreement by submitting at sentencing a letter to the court written by the Department of Agriculture requesting a severe penalty, and (2) the Department of Agriculture misrepresented that they had not sent their administrative file to the Department of Justice, and had no intention of sending it, when in

---

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

2. The consent decree which Ledbetter signed prohibited him from engaging in the cattle business for a period of eighteen months. The con-

sent decree further provided that if at the end of the eighteen months Ledbetter had not violated the terms of the agreement, he could then take employment in the cattle business but not operate his own business for a period of ten years.

fact the file already had been sent.[3] The District Court denied the motion, stating "[n]ormally a motion to reduce sentence would be filed after resolution of the appeal. The motion appears to be untimely; in any event the court expresses no intention of reducing the sentence in light of the seriousness of the offense and the major damage resulting therefrom." *United States v. Ledbetter*, No. 88–06001–01–CR–W–6 (W.D. Mo. Dec. 1, 1988).[4]

Ledbetter then filed an amended notice of appeal to challenge the denial of his Rule 35 motion. On appeal, Ledbetter pursues only the denial of his Rule 35 motion, and we conclude that he has abandoned his original appeal.

We are faced with a procedural defect that requires us to hold that the District Court lacked jurisdiction to entertain the Rule 35 motion.[5] "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). This rule applies with equal force to criminal cases. *See*

*Berman v. United States*, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1937).

The rule serves two important interests. First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing "two front war" for no good reason, *Shewchun v. United States*, 797 F.2d 941, 943 (11th Cir.1986), avoiding possible duplication and confusion by allocating control between forums.

Although our Circuit has not addressed the issue, other federal courts have held that a district court lacks jurisdiction to entertain a Rule 35 motion to vacate or reduce a sentence during the pendency of an appeal from the initial judgment of conviction. *See United States v. Kerley*, 838 F.2d 932, 941 (7th Cir.1988); *United States v. Distasio*, 820 F.2d 20, 23 (1st Cir.1987); *United States v. Russell*, 776 F.2d 955, 956 (11th Cir.1985); *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir.), *cert. denied*, 469 U.S. 1021 (1984); *United States v. Johns*, 638 F.2d 222, 224 (10th Cir.1981); *United States v. Mack*, 466 F.2d 333, 340 (D.C.Cir.), *cert. denied*, 409 U.S. 952, 93 S.Ct. 297, 34 L.Ed.2d 223 (1972); *United States v. Bello*, 588 F.Supp. 102, 103–05 (D.Md.1984).[6] *Cf. United States v. Ortega*, 859 F.2d 327, 333–36 (5th Cir.1988),

---

**3.** The alleged misrepresentation by the Department of Agriculture was not raised prior to sentencing and is distinct from Ledbetter's allegation, pursued prior to sentencing, that the Department of Agriculture promised to recommend no prosecution.

**4.** Apparently the court treated Ledbetter's motion as a request for a reduction in sentence under Rule 35(b). However, Ledbetter requested that his sentence be vacated and that he be resentenced pursuant to Rule 35(a).

**5.** The offense at issue was committed prior to November 1, 1987. Rule 35 as it then stood, and therefore as it applies in this case, provided:

Correction or Reduction of Sentence
(a) Correction of a Sentence. The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

(b) Reduction of Sentence. A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

**6.** The reasons for not allowing consideration of motions to reduce a sentence under Rule 35(b) during the pendency of an appeal apply equally to motions to vacate under Rule 35(a). *See Mack*, 466 F.2d at 340.

*cert. denied,* —— U.S. ——, 109 S.Ct. 1157, 103 L.Ed.2d 216 (1989) (district court has jurisdiction, while appeal of conviction is pending, to correct sentence from the seven years imposed to the minimum sentence of fifteen years prescribed by 18 U.S.C. § 1202(a)(1)).

Ledbetter urges us to follow *United States v. Ellsworth,* 814 F.2d 613 (11th Cir.1987), which states: "The proper procedure after an appeal is taken is for a [Rule 35] motion to be filed with the district court; the district court may either deny the motion on its merits or certify that the motion should be granted in order to afford the appellate court jurisdiction to entertain a motion to remand." *Id.* at 614. Ledbetter contends that because the District Court denied his Rule 35 motion, this appeal is properly before us. We decline, however, to adopt the approach taken in *Ellsworth.*

The court in *Ellsworth* relied upon *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), which indicates that a district court has jurisdiction to entertain a motion for a new trial brought under Rule 33 of the Federal Rules of Criminal Procedure after a notice of appeal has been filed and may either deny the motion or certify its intention to grant the motion to the appellate court. *Id.* at 667 n. 42, 104 S.Ct. at 2051 n. 42. *Ellsworth,* which is a three-paragraph per curiam opinion, does not discuss why Rule 33's procedure should apply to Rule 35, and appears to contradict earlier Eleventh Circuit precedent.[7]

We believe there are several reasons why the Rule 33 procedure approved in *Cronic* should not be extended here. First, the practice of allowing a district court to entertain a Rule 33 motion after the filing of a notice of appeal has long been established. *See United States v. Cronic,* 466 U.S. at 667 n. 42, 104 S.Ct. at 2051 n. 42 (citing cases); *Ferina v. United States,* 302 F.2d 95, 107 n. 1 (8th Cir.), *cert. denied,* 371 U.S. 819, 83 S.Ct. 35, 9 L.Ed.2d 59 (1962); 8A J. Moore's Federal Practice ¶ 33.03[2] (2d ed. 1989). With regard to Rule 35, there is no such long-standing tradition. *See* cases cited *supra* at 1347. Further, Rule 33 clearly contemplates that district courts will entertain Rule 33 motions during the pendency of appeals: "[a] motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case." Fed.R.Crim.P. 33. Rule 35 does not contain a similar provision, and nothing in the language of the Rule suggests that it alters the longstanding jurisdictional principle that a district court should not entertain a Rule 35 motion while an appeal is pending.[8] *See Distasio,* 820 F.2d at 23.

Finally, we believe the extension of the Rule 33 procedure to the Rule 35 situation would be unwise. As this case illustrates, a district court's time and resources are expended in considering a defendant's Rule 35 motion and the government's suggestions in opposition thereto and in drafting an order. An evidentiary hearing may be necessary. This expenditure of resources by the district court and the parties may be rendered meaningless by the decision of the court of appeals in the appeal that has

---

7. See *United States v. Russell,* 776 F.2d 955 (11th Cir.1985), holding that the district court was without jurisdiction to entertain a Rule 35 motion to reduce sentence during the pendency of defendant's appeal of his conviction, and therefore dismissing defendant's appeal from the denial of the motion. *Id.* at 956 (citing *Berman v. United States,* 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937)).

8. The statement in Rule 35 that a court may correct an illegal sentence "at any time" was merely "a codification of existing law and was intended to remove any doubt ... as to the jurisdiction of a District Court to correct an

illegal sentence after the expiration of the term at which it was entered." *Heflin v. United States,* 358 U.S. 415, 422, 79 S.Ct. 451, 455, 3 L.Ed.2d 407 (1959) (Stewart, J., concurring). Rule 35 therefore does not expand a trial court's power to act during the pendency of an appeal. *Holloway,* 740 F.2d at 1382 n. 11; *Mack,* 466 F.2d at 340.

Further, we note that the present Rule 35(a), which applies to all sentences for crimes committed after November 1, 1987, permits a district court to correct a sentence only on remand from an appellate court.

been pending all the while. Such a wasteful and unnecessary expenditure of resources is best avoided by the jurisdictional rule that we today adopt and apply in this case.[9]

For the reasons set forth above, we hold that the District Court lacked jurisdiction to consider and rule on Ledbetter's Rule 35 motion during the pendency of his appeal of his conviction, and therefore his appeal of the District Court's denial of that motion is dismissed without prejudice. As Ledbetter has abandoned his initial appeal, that appeal is dismissed. Upon the issuance of our mandate, Ledbetter will be free to renew his Rule 35 motion in the District Court.

---

**9.** There is reason to think that the pendency of an appeal in this case inhibited the District Court from conducting an indepth consideration of Ledbetter's claims. After first questioning the timing of the Rule 35 motion, the District Court proceeded to deny it summarily. Consequently, were we to address the merits of this appeal, we would be required to consider the issues without the assistance of findings or analysis by the District Court.