912 F.2d 466
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daryl Wayne THOMPSON, Defendant-Appellant.
 Nos. 89-5864, 89-5865.
 United States Court of Appeals, Sixth Circuit.
 Aug. 29, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Daryl Wayne Thompson, a pro se federal prisoner, appeals from the order of the district court denying his motion to correct his sentence filed pursuant to Fed.R.Crim.P. 35. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thompson moved to have the two four year periods of supervised release following parole removed from his sentences for violations of 21 U.S.C. Sec. 841 and Sec. 846. He argued that the statutes do not contain authorization for the district court to impose special parole terms. The district court denied Thompson's motion and Thompson filed these appeals.
 
 
 3
 Thereafter, the district court filed an opinion superseding its previous order. In the second opinion, and in the opinion's accompanying amended judgment, the court modified Thompson's sentence with respect to the term of special parole.
 
 
 4
 In criminal cases, the district court has no authority to modify or reduce a sentence once a proper notice of appeal has been filed. United States v. Distasio, 820 F.2d 20, 23 (1st Cir.1987); United States v. Perate, 719 F.2d 706, 711 (4th Cir.1983). A proper notice of appeal was filed in this case. Therefore, the district court had no authority to modify or reduce Thompson's sentence.
 
 
 5
 In Distasio, the court vacated the district court's reduction of the appellants' sentences and remanded for reconsideration of the appellants' Rule 35(b) motions. Because of the continuing dispute about the proper sentence in this case, such a procedure is also appropriate here.
 
 
 6
 Accordingly, we hereby vacate the district court's order and remand the case to the district court pursuant to Rule 9(b)(6), Rules of the Sixth Circuit, for further proceedings.