USCA1 Opinion

 

 February 9, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2064 UNITED STATES, Appellee, v. AMBROSE L. DEVANEY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Bownes, Senior Circuit Judge, and ____________________ Stahl, Circuit Judge. _____________ ____________________ Ambrose L. Devaney on brief pro se. __________________ Donald K. Stern, United States Attorney, and Victor A. Wild, ________________ _______________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. During the pendency of the direct appeal of __________ his conviction and sentence for conspiracy, bank fraud and money laundering, Ambrose Devaney filed pro se a motion for ___ __ discovery and a motion to compel service in the district court. Although "[a]s a general rule with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal," United States v. Distasio, 820 F.2d 20, 23 (1st _____________ ________ Cir. 1987) (citing cases), the district court denied both motions. In these circumstances, and because we find no substantial question presented by the pro se appeal, we ___ __ consider the appeal and dismiss it on its merits. See United ___ ______ States v. Buckley, 847 F.2d 991, 993 n.1 (1st Cir. 1988) ______ _______ (allowing motion to consolidate a motion to vacate, set aside, or correct sentence with pending direct appeal), cert. ____ denied, 488 U.S. 1015 (1989); United States v. Connell, 6 ______ ______________ _______ F.3d 27, 29 (1st Cir. 1993) (despite jurisdictional doubts, appellate court entitled to affirm dismissal on the ground that no substantial question is presented on the merits). We have reviewed carefully the record in this case and the briefs of the parties. We find no abuse of discretion in the district court's denial of Devaney's discovery motion. See Buckley, 847 F.2d at 1003 (post judgment motion for ___ _______ discovery within discretion of district court). Nor do we find any error in the court's denial of Devaney's motion to compel the government to serve him as a pro se litigant. Since Devaney was represented by counsel ___ __ before the district court, his motion to compel service was an implicit request to proceed via "hybrid" representation. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). Such a ________ _______ request lies in the discretion of the district court, United ______ States v. Betancourt-Arretuche, 933 F.2d 89, 94 (1st Cir.), ______ ____________________ cert. denied, 502 U.S. 959 (1991), and we find no abuse of ____ ______ discretion in this case. The denial of Devaney's pro se motions is affirmed. ___ __ ________ Devaney's motion filed in this court to compel service is denied. Devaney's motion to file a supplemental statement of ______ issues is denied. ______ -3-