USA v. Calderon                         CR-94-081-M    10/03/95
                 UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


United States of America

     v.                                 Criminal No. 94-81-01-M

Jaime Calderon


                            O R D E R


     Defendant, Jaime Calderon ("Calderon") has appealed his

criminal conviction to the United States Court of Appeals for the

First Circuit.  He now brings a motion in this court for

transcripts of grand jury proceedings relating to his indictment.

The United States opposes the motion on grounds that this court

lacks jurisdiction to grant the requested relief.


I.   FACTUAL BACKGROUND

     On September 14, 1994, a federal grand jury indicted

Calderon.  Count Two of the indictment charged him with

kidnapping and conspiracy to kidnap.  On October 26, 1994, the

grand jury handed down a superseding indictment, adding, in Count

Two, that the kidnapping was performed "for ransom, reward, or

otherwise."  Calderon was convicted on that Count.

On June 21, 1995, Calderon filed a notice of appeal with the United States Court of Appeals for the First Circuit; the appeal is still pending. Calderon expects that the grand jury transcripts he now seeks might substantiate his claim, on appeal, that the additional language contained in the superseding indictment constituted a "constructive amendment" to the indictment that violated rights guaranteed him by the Fifth and Sixth Amendments to the United States Constitution.

The United States argues that because Calderon's direct appeal is pending before the First Circuit, this court lacks jurisdiction to grant the requested relief. For the reasons discussed below, Calderon's motion is dismissed without ruling.

## II. DISCUSSION

"The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also United States v. Distasio, 820 F.2d 20, 23 (1st. Cir. 1987); United States v. Wells, 766 F.2d 12, 19 (1st Cir. 1985); United States v. Ferris, 751 F.2d 436, 440 (1st Cir. 1984). This

general rule applies to criminal, as well as civil, proceedings. See Distasio, 820 F.2d at 23; Wells, 766 F.2d at 19; Ferris, 751 F.2d at 440.

The court in United States v. Ledbetter, 882 F.2d 1345 (8th Cir. 1989), articulated the policy behind this longstanding rule:

> The rule serves two important interests. First, it promotes judicial economy for it spares a trial court from considering and ruling on questions that possibly will be mooted by the decision of the court of appeals. Second, it promotes fairness to the parties who might otherwise have to fight a confusing "two front war" for no good reason, . . . avoiding possible duplication and confusion by allocating control between forums.

Id. at 1347 (citation omitted).

The First Circuit recognizes only two narrowly drawn exceptions to the rule set forth in Griggs. First, the district court retains jurisdiction pending direct appeal in the few instances in which the Federal Rules of Appellate Procedure or the Federal Rules of Criminal Procedure effectively prescribe it. For example, the district court retains jurisdiction to correct a sentence under Fed. R. Crim. P. 35(c). Fed. R. App. P. 4(b). Similarly, the district court may consider motions for a new trial based on claims of newly discovered evidence brought under

3

Fed. R. Crim. P. 33.  United States v. Graciani, 61 F.3d 70, 77 (1st Cir. 1995).

Second, "[w]hile an appeal from an order which is either final or appealable by statute does divest the district court of authority to proceed with respect to any matters involved in the appeal, . . . an impermissible or frivolous appeal does not have the same effect on the jurisdiction of the district court." Ferris, 751 F.2d at 440 (citation omitted).  Thus, when an order is "manifestly unappealable," the court of appeals never gains jurisdiction over it and the district court never loses jurisdiction over it.  Id.

Calderon's motion for transcripts fits into neither of these two exceptions.  Therefore, the general rule that "filing a notice of appeal . . . divests the district court of its control" over the case, Griggs, 459 U.S. at 58, applies to deprive this court of jurisdiction to rule on Calderon's post-appeal motion.  As a result, no action may be taken, and the docket shall reflect that the court is without jurisdiction to act.

**III. CONCLUSION**

4

For the foregoing reasons, this court lacks jurisdiction to grant the requested relief.  Accordingly, Calderon's motion for transcripts (document no. 85) is dismissed.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

October 3, 1995

cc:   United States Marshal
      United States Probation
      United States Attorney
      Merin R. Chamberlain, Esq.