**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

v.

EBONY STURKEY,
　　　　　　　　*Defendant-Appellant.*

No. 02-4643

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

v.

BOBBY MITCHELL, a/k/a Bo,
　　　　　　　　*Defendant-Appellant.*

No. 02-4657

Appeals from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-02-69)

Submitted: January 28, 2004

Decided: February 20, 2004

Before WIDENER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

———————————————————————

Affirmed in part; vacated in part; and remanded by unpublished per curiam opinion.

———————————————————————

## COUNSEL

Jacqueline A. Hallinan, HALLINAN LAW OFFICES, P.L.L.C., Charleston, West Virginia; David O. Schles, STOWERS & ASSO- CIATES, Charleston, West Virginia, for Appellants. Kasey Warner, United States Attorney, Miller A. Bushong III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Ebony Sturkey and Bobby Mitchell appeal their respective 125-month and 150-month sentences imposed after each pled guilty to aiding and abetting the distribution of crack cocaine, in violation of 18 U.S.C. § 2 (2000), and 21 U.S.C. § 841(a)(1) (2000). Sturkey and Mitchell challenge the district court's findings as to the amount of drugs attributable to them. Finding no reversible error, we affirm the sentences as originally imposed.

Sturkey contends that the district court erred in relying on the testimony of Phillip Moorehead and Michael Tucker in establishing her base offense level. We note, first, that the district court did not rely on Tucker's testimony in determining the amount of drugs attributable to Sturkey. In evaluating Moorehead's testimony, the district court credited part of his testimony and erred on the side of caution in attributing 56.7 grams of crack to Sturkey based upon the description of the sales and the frequency with which the sales occurred. *See United States v. Sampson*, 140 F.3d 585, 592 (4th Cir. 1998). In addition, "[a]s an appellate court, we are reluctant to overturn factual findings of the trial court, and this is doubly so where the question goes to the demeanor and credibility of witnesses at trial, since the district court is so much better situated to evaluate these matters." *United States v. Jones*, ___ F.3d ___, 2004 WL 103303, at *7 (4th Cir. Jan.

23, 2004) (No. 03-4214) (internal quotation marks and citation omitted). Our review of the record leads us to conclude that the district court's findings are not clearly erroneous. *See United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (providing standard of review).

Turning to Mitchell's claims on appeal, Mitchell contends that the district court should not have credited the testimony of Robert Black because he was a convicted felon and testified hoping to reduce his sentence. The district court's credibility findings, however, are virtually unreviewable on appeal. *See Jones*, 2004 WL 103303, at *7. Next, Mitchell contends that the district court overestimated the amount of drugs to which Black testified. Our review of the record leads us to conclude that the district court used a conservative estimate of the amount of drugs Black testified he purchased from Mitchell. *See Sampson*, 140 F.3d at 592. Finally, Mitchell contends that the district court double counted drugs when it added the amounts from the testimony of Black and Tom Craft. The district court rejected this argument, finding that, although Black testified that he bought crack from Mitchell for Craft, Craft also testified that he purchased crack directly from Mitchell. We find that the district court's factual findings are not clearly erroneous. *See Randall*, 171 F.3d at 210.

Accordingly, we affirm Mitchell's 150-month sentence and Sturkey's 125-month sentence. We note, however, that after Sturkey filed her notice of appeal from the original 125-month sentence, the district court granted the Government's motion to reduce her sentence pursuant to Fed. R. Crim. P. 35(b). Sturkey's timely filed notice of appeal deprived the district court of jurisdiction to rule on the Government's Rule 35(b) motion. *See United States v. Turchen*, 187 F.3d 735, 743 (7th Cir. 1999); *United States v. Ledbetter*, 882 F.2d 1345, 1347-48 (8th Cir. 1989) (collecting cases adopting rule). We therefore are compelled to vacate the district court's amended judgment reducing Sturkey's sentence to seventy months and remand for the district court to reconsider the Government's Rule 35(b) motion once the court regains jurisdiction over the case. *See Turchen*, 187 F.3d at 743. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED IN PART;*
*AND REMANDED*