# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 07-3570/08-2903

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeals from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Terrance Ozelle Watson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 4, 2009
Filed:  May 11, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Terrance Watson appeals the 188-month sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute 50 grams or more of a mixture containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The district court sentenced Watson as a career offender under U.S.S.G. § 4B1.1.  Counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), and Watson has filed multiple pro se briefs as well as a motion to dismiss counsel.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

In the Anders brief, counsel raises the pro se argument that Watson raised below, namely, that one of the felony convictions underlying his career-offender status--a 1991 Arkansas conviction for false imprisonment in the first degree--should not have been counted because it was too dated. The court properly rejected this argument, because Watson commenced the instant offense in January 2003, less than 15 years after he was sentenced on the Arkansas conviction. See U.S.S.G. §§ 4B1.1(a) (stating in relevant part that defendant is career offender if he has at least 2 prior convictions for crime of violence or controlled substance offense), 4B1.2, comment. (n.3) (provisions of § 4A1.2 are applicable to counting of convictions under § 4B1.1), 4A1.2(e)(1) (prior sentence of imprisonment exceeding 13 months that was imposed within 15 years of defendant's commencement of instant offense is counted).

In his pro se briefs, Watson argues that his false-imprisonment conviction is not a crime of violence for career-offender purposes. He did not raise this argument at sentencing, and we conclude that the district court did not err, plainly or otherwise, in concluding that the offense is a crime of violence: the definition of false imprisonment in the first degree under Arkansas law has as an element the use, attempted use, or threatened use of physical force against another person. See Ark. Code Ann. § 5-11-103(a) (person commits false imprisonment in first degree if person knowingly restrains another person so as to interfere substantially with other person's liberty in manner that exposes other person to substantial risk of serious physical injury); U.S.S.G. § 4B1.2(a)(1) ("crime of violence" means offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (to preserve error for appellate review, objection must timely and clearly state grounds for objection; errors not properly preserved are reviewed for plain error only). Watson reiterates his argument from below that the government violated his rights under 21 U.S.C. § 851 by failing to give him notice of its intent to rely on his prior convictions to subject him to career-offender status. This argument also fails. See United States

v. Abanatha, 999 F.2d 1246, 1251 (8th Cir. 1993) (notice procedures of § 851 do not apply to career-offender provisions).

We summarily reject Watson's remaining pro se arguments: (1) his ineffective-assistance claims should be brought in a proceeding under 28 U.S.C. § 2255, see United States v. Harris, 310 F.3d 105, 1111-12 (8th Cir. 2002); (2) he cannot challenge the voluntariness of his guilty plea because he did not move to withdraw his guilty plea or otherwise raise the issue in the district court, see United States v. Mims, 440 F.2d 643, 644 (8th Cir. 1971) (per curiam); (3) there is no indication the district court viewed the Guidelines as mandatory, see United States v. Salter, 418 F.3d 860, 862 (8th Cir. 2005) (district court may enhance sentence based on judge-found facts if court views Guidelines as advisory); (4) the court did not plainly err in not sua sponte departing based on an overstated criminal history; (5) Watson's career-offender status moots his arguments related to the calculation of his criminal history points; (6) it was harmless error if Watson did not see the presentence report (PSR) until minutes before the sentencing hearing, as he was offered time at sentencing to review the PSR with counsel, he did not ask for more time, and he has not explained how he was prejudiced, see Fed. R. Crim. P. 52(a) (harmless error); cf. United States v. Prado, 204 F.3d 843, 845 (8th Cir. 2000) (failure to verify that defendant and attorney had read and discussed PSR is waived and harmless where defendant did not request additional time to review PSR and did not describe how he was prejudiced); and (7) the district court properly concluded at sentencing that Watson's offense level was unaffected by Guidelines Amendment 706, which lowered the offense level for crack cocaine offenses, see United States Sentencing Guidelines Manual (2007), App. C. Amend. 706; United States v. Tingle, 524 F.3d 839 (8th Cir. 2008) (per curiam) (Amendment 706 not applicable where defendant was sentenced as career offender).

Finally, Watson appeals the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentencing reduction based on Amendment 706, and the court's denial without prejudice of Watson's various post-judgment motions. We find no

error in the court's denial of these motions, because Amendment 706 did not apply to Watson, and the remaining motions raised matters involved in this appeal, <u>see</u> <u>United States v. Ledbetter</u>, 882 F.2d 1345, 1347 (8th Cir. 1989) (filing of notice of appeal divests district court of jurisdiction over those aspects of case involved in appeal).

After reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel leave to withdraw, we deny as moot Watson's motion to dismiss counsel, and we affirm.

_____