[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2011
JOHN LEY
CLERK

No. 10-12955
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20964-PAS-3

UNITED STATES OF AMERICA,

                                        Plaintiff–Appellee,

versus

RAMON CANTILLO-MARTINEZ,

                                        Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Ramon Cantillo-Martinez (Cantillo) pleaded guilty to conspiring to affect

interstate commerce by threats or violence by robbery in violation of 18 U.S.C. § 1951(a), attempting to interfere with interstate commerce by threats or violence by robbery also in violation of 18 U.S.C. § 1951(a), conspiring to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846, attempting to possess with intent to distribute five kilograms or more of cocaine also in violation of 21 U.S.C. §§ 841 and 846, and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Cantillo was sentenced to 180 months' imprisonment. After he was sentenced, Cantillo filed a notice of appeal and his counsel has since filed an *Anders* brief.

While Cantillo's appeal was pending the government filed a Rule 35(b) motion in the district court to reduce his sentence because of his substantial assistance to the government. The district court granted that motion and reduced his sentence to 110 months' imprisonment. But because Cantillo's appeal was still pending when the district court granted the motion, the district court did not have jurisdiction to reduce his sentence. *See United States v. Russell*, 776 F.2d 955, 956 (11th Cir. 1985). Accordingly, we deny his counsel's *Anders* motion, vacate Cantillo's sentence and remand for the limited purpose of resentencing in accordance with the district court's attempted resentencing. *Cf. United States v. Turchen*, 187 F.3d 735, 743 (7th Cir. 1999).

**DENIED in part, VACATED in part and REMANDED.**