**John SHEWCHUN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 85–3826
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1986.

Susan M. Novotny, Asst. U.S. Atty., W. Thomas Dillard, U.S. Atty., Pensacola, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, VANCE and JOHNSON, Circuit Judges.

PER CURIAM:

Appellant John Shewchun is a former professor of engineering at Florida State/Florida A & M Universities. In October 1984, he was convicted by a federal jury of mail and wire fraud. 18 U.S.C.A. §§ 1341, 1343 (West 1986). He filed a notice of appeal from that conviction in December 1984; a panel of this Court af-

firmed that conviction on all counts in an unpublished opinion issued in November 1985. 778 F.2d 791.

During the pendency of the appeal on the merits, appellant filed with the trial court an emergency petition seeking to correct an invalid sentence, under Fed.R.Crim.P. 35(a), and to correct the record at sentencing, under Fed.R.Crim.P. 32.[1] The trial court ruled that, by filing an appeal on the merits, Shewchun divested the trial court of jurisdiction to consider his claims. Though Shewchun, appearing *pro se*, attempts to reargue the merits of his appeal, the only issue we today consider is the jurisdictional question: whether a pending appeal removes from the trial court the jurisdiction to decide motions under these two rules of criminal procedure.

1. Rule 35(a):

■ It is the general rule of this Circuit that the filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal. *United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir.1979) (*en banc*). More specifically, it is settled that during the pendency of an appeal the trial court is without authority to modify a sentence meted out after final judgment. *Berman v. United States*, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1932); *United States v. Russell*, 776 F.2d 955, 956 (11th Cir.1985) (*per curiam*); *United States v. Garrett*, 583 F.2d 1381, 1391 (5th Cir.1978). Thus the trial court was correct in declining to pass on the merits of appellant's motion to correct his putatively invalid sentence.

2. Rule 32:

■ Slightly more opaque is the question whether the filing of an appeal divests a trial court of jurisdiction to hear claims presented under Rule 32. Shewchun importuned the trial court to correct the record considered at the sentencing hearing, which he claimed contained numerous instances of inaccurate or incorrect information. He feared these errors would affect decisions both regarding his assignment to a federal correctional facility and regarding the possibility of parole. Neither the trial court nor the government addressed this issue below, although the trial court's decision to withhold relief by implication was a determination that it lacked jurisdiction.

We have never passed on this question. Nor, so far as we can tell, have any of our brethren on the other courts of appeals. At best there is *obiter dictum* in *United States v. Teller*, 762 F.2d 569 (7th Cir. 1985), in which it was observed in passing that the appellant's Rule 32(d) motion to withdraw the plea was held in abeyance until disposition of the appeal on the merits, "after which jurisdiction revested in the district court for consideration of the pending motions." *Id.* at 572.

Upon reflection, we believe that the rule announced by the court *en banc* in *Hitchmon* is properly extended to the facts of this case. That court and others have stated in exceptionally expansive language that the filing of an appeal of virtually any sort acts to freeze all proceedings in the district court pending resolution of the appeal. As the former Fifth Circuit there stated, upon filing an appeal "[t]he district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal." 602 F.2d at 692 (emphasis ours); *accord Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (*per curiam*) ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control

---

**1.** Shewchun also filed a motion for an injuction or order to stay liquidation proceedings to be carried out by the United States Customs Service. That motion was denied by the district court and thereafter denied by this panel and has been filed with the clerk.

over those aspects of the case involved in the appeal.").

In stating this general rule, of course, the court *en banc* was only announcing a holding on the more limited procedural question posed by the facts of that case. But the logical and policy considerations that underlay *Hitchmon* apply with equal force to the factual setting today presented. The rule serves two important interests: judicial economy, for it spares the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals; and considerations of fairness to parties who might otherwise be forced, as a matter of tactics, to fight a "two front war" for no good reason. *Hitchmon*, 602 F.2d at 692, 694.

When there is no logical reason for excepting motions under Rule 32 from an otherwise generally applied rule, but strong reasons of economy and fairness that dictate following that rule, we believe the proper conclusion is obvious: seeking review on the merits of an appealable matter precludes a trial court from considering the merits of a motion filed under Fed.R. Crim.P. 32 until such time as the appeal is concluded and jurisdiction revested in the trial court.

The appeal on the merits now concluded, any relief to which appellant might be eligible on his two claims must be awarded in the first instance by the trial court. The judgment of the trial court is:

AFFIRMED and REMANDED.