[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11676
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 11, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 09-60086-CV-ASG,
BKCY No. 08-12535-BKC-JK

IN RE:

DENNY HUGHES,

                                                                        Debtor.

_____

DENNY HUGHES,

                                                          Plaintiff-Appellant,

versus

JAMESTOWN SQUARE LLC,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 11, 2009)

Before BLACK, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Hughes appealed to the district court the bankruptcy court's dismissal without prejudice of Hughes' Involuntary Petition in Bankruptcy Case No. 08-12535-JKO ("Case 1") against Appellee Jamestown Square LLC. On the same day, Hughes refiled his Involuntary Petition in Bankruptcy Case No. 08-28319-JKO ("Case 2"). The district court granted Appellee's motion to dismiss, reasoning that it lacked jurisdiction to hear the appeal. We agree.

Under 128 U.S.C. § 158, district courts have jurisdiction to hear bankruptcy appeals from "final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). "As with other types of cases, a final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment." In re Culton, 111 F.3d 92, 93 (11th Cir. 1997). The fact that Hughes concurrently appealed the decision in Case 1 and refiled essentially the same petition in Case 2 reveals that the bankruptcy court's dismissal without prejudice in Case 1 did not end the litigation on the merits.

Moreover, the district court's exercise of jurisdiction in this case would violate the general prohibition against two courts entertaining duplicative litigation. Cf. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103

2

S. Ct. 400, 402 (1982). This prohibition is meant to "promote judicial economy and avoid the confusion and inefficiency that might flow from putting the same issue before two courts at the same time." Cf. 20-303 Moore's Federal Practice: Civil § 303.32 [1] (3d ed. 2009); Shewchun v. United States, 797 F.2d 941, 943 (11th Cir. 1986) (noting that the prohibition against a district court exercising jurisdiction over a case properly before the court of appeals prevents parties from "fight[ing] a 'two front war' for no good reason").

For the foregoing reasons, we affirm the district court's dismissal of this case.

**AFFIRMED.**[1]

---

[1] Appellant's request for oral argument is denied.