[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13001
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00339-JTC-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERIC MICHAEL BROWN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 25, 2011)

Before BARKETT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Eric Michael Brown appeals his 145-month total sentence after pleading

guilty to robbery, conspiracy to commit robbery, and illegal use of a firearm

during the commission of a violent felony. Following completion of the briefing schedule, we stayed Brown's appeal so that the district court could resolve a motion for resentencing filed by Brown. We directed Brown to notify the Clerk of this Court when the district court had ruled on that motion.

On March 29, 2011, the district court granted Brown's motion for resentencing, but neither Brown nor the district court notified this Court that it had done so. Instead, the district court held a resentencing hearing, entered a new judgment and commitment order that reimposed the same 145-month total sentence, and forwarded the new judgment and order to this Court. Brown now requests that the appeal of his sentence proceed without any further briefing.

However, we find that the district court lacked jurisdiction to resentence Brown.[1] Under our precedent, the filing of a notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of appellate review. *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986). "More specifically, it is settled that during the pendency of an appeal the trial court is without authority to modify a

---

[1] We review a district court's jurisdiction under a *de novo* or plenary standard of review. *See United States v. Straub*, 508 F.3d 1003, 1008 (11th Cir. 2007); *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002). Where a district court lacks jurisdiction to enter an order, we have appellate jurisdiction not of the merits, but merely for the purpose of correcting the error of the lower court in entertaining the suit. *United States v. Corrick*, 298 U.S. 435, 440, 56 S.Ct. 829, 832, 80 L.Ed. 1263 (1936).

sentence meted out after final judgment." *Id.* (citing *Berman v. United States*, 302 U.S. 211, 214, 58 S.Ct. 164, 166, 82 L.Ed. 204 (1932)). Once divested of jurisdiction, a district court's authority is restored only upon remand from the appellate court. *See Wisecup v. James*, 790 F.2d 841, 842 (11th Cir. 1986).

In the instant case, our stay order directed the district court to decide Brown's resentencing motion. Accordingly, the order granting that motion was properly entered in aid of appellate review. Once the resentencing motion was resolved, however, the district court lacked authority to entertain further matters regarding Brown's sentences, since those sentences had been imposed in a final judgment and were clearly at issue in the pending appeal. Accordingly, as specified in this Court's stay order, the proper course of action would have been to notify the Clerk of this Court that the motion was resolved, and to await an order remanding the case for further proceedings.

Because the case was never remanded, we now vacate all actions taken by the district court after March 29, 2011—including the issuance of the new judgment and commitment order, as well as any oral rulings made at the resentencing hearing. We remand the case for the purpose of allowing the district court to formally resentence Brown on the record, and in a manner consistent with any right he may have to be present at an ensuing proceeding. *See United States v.*

3

*Jackson*, 923 F.2d 1494, 1496-97 (11th Cir. 1991) (discussing the scope of a defendant's right to be present for resentencing). Following resentencing, the court should notify Brown of his right to appeal the new judgment subject to Rule 4(b) of the Federal Rules of Appellate Procedure, and, if either party chooses to appeal, they should complete the record and ensure that all relevant portions are included therein.

**VACATED AND REMANDED.**