[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 12-16349; 12-16477
Non-Argument Calendar
_____

D.C. Docket No. 1:88-cr-01007-MP-GRJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFUS C. ROCHELL,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida

_____

(October 21, 2013)

Before DUBINA, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Rufus C. Rochell, a federal prisoner appearing pro se, appeals from the

district court's denials of his motions for reconsideration concerning his 18 U.S.C.

§ 3582(c)(2) motion for a sentence reduction.  On appeal, Rochell argues that: (1) he is eligible for a sentence reduction because the sentencing court did not explicitly find how much crack cocaine Rochell was individually accountable for; and (2) the district court did not lack jurisdiction to address, on the merits, Rochell's second motion for reconsideration.  After careful review, we affirm.[1]

We review de novo a district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.  United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).  We must review sua sponte whether we have jurisdiction over an appeal, and we review this issue de novo.  United States v. Lopez, 562 F.3d 1309, 1311 (11th Cir. 2009).  Whether a pending appeal divests the district court of jurisdiction over an issue is a question of law we review de novo.  See United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995).

The filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.  Id.  Thus, when an appeal is filed, the district court is divested of jurisdiction to take any action with regard to the matter except in the aid of the appeal.  Shewchun v. United States, 797 F.2d 941, 942 (11th Cir. 1986). The

---

1    We also note, as a preliminary matter, that since we dismissed Rochell's appeal 12-15570, which pertained to the merits of Rochell's § 3582(c)(2) motion, appeal 12-15570 and the district court's September 1 and October 2, 2012 orders are not before us.

district court does not regain jurisdiction until a mandate has issued on appeal. Zaklama v. Mount Sinai Med. Ctr., 906 F.2d 645, 649 (11th Cir. 1990).

The only appeals properly before us are appeals 12-16349 and 12-16477. These appeals address only the district court's jurisdiction as to Rochell's second motion for reconsideration or his subsequent motions. However, because Rochell filed the notice of appeal that was docketed as 12-15570, simultaneously with his second motion for reconsideration, the district court did not have jurisdiction to address Rochell's second motion for reconsideration or his subsequent motions. Accordingly, Rochell's second motion for reconsideration and his subsequent motions were not properly before the district court, and we affirm the district court's refusal to address them on the merits.

**AFFIRMED.**