[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12033
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-00094-JOF-LTW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN ALDRICH DUPREE,

Defendant-Appellant.


_____

No. 13-14607
Non-Argument Calendar
_____

D.C. Docket No.  1:10-cr-00094-JOF-LTW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN ALDRICH DUPREE,

Defendant-Appellant.

————————————————

Appeals from the United States District Court
for the Northern District of Georgia

————————————————

(October 24, 2014)

Before WILSON, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Brian Aldrich Dupree challenges *pro se* two orders modifying an order of restitution that had been entered in his criminal case following his conviction for conspiring to defraud the United States. Dupree argues that the district court lacked jurisdiction to adjust the order of restitution; the adjusted order impermissibly delegated to the Bureau of Prisons authority to establish a payment schedule; and the district court lacked jurisdiction to amend the adjusted order. Although the district court lacked jurisdiction to amend the adjusted order after it had been appealed by Dupree, *see Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986), the district court had jurisdiction to enter the adjusted order, 18 U.S.C. § 3664(k). But we vacate that order because the district court delegated to the Bureau the judicial function of establishing a payment schedule. *See United States v. Prouty*, 303 F.3d 1249, 1255 (11th Cir.

2

2002). We vacate the amended and adjusted orders of restitution, and we remand for the district court to enter an order "specifying . . . the manner in which, and the schedule according to which, [his] restitution is to be paid," 18 U.S.C. § 3664(f)(2).

Dupree received inconsistent information about when to commence paying his restitution.  Dupree's written plea agreement provided that "[f]ull restitution[] [would be] due and payable immediately[] to all victims of the offense(s) and relevant conduct." But during the change of plea hearing, the district court told Dupree that restitution "[would] be set up as a condition of your supervised release." Later, during the sentencing hearing, the district court said that "the probation office will set reasonable amounts so that [Dupree] will owe 25 percent of any gross income that [he] will have in excess of $15,000 a year computed monthly and payable monthly."

The order of restitution provided that the probation office would establish Dupree's payment schedule.  In its final judgment, the district court ordered the "U.S. Probation Office [to] set a reasonable repayment plan for restitution which shall include twenty-five percent (25%) of defendant's gross income in excess of $15,000.00 per year which shall be computed and paid in monthly installments." Dupree appealed, and this Court affirmed after granting his attorney's motion to

3

withdraw, *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). *United States v. Dupree*, 457 Fed. App'x 867 (11th Cir. 2012).

Dupree twice moved to modify the order of restitution. While his direct appeal was pending, Dupree moved for an "order [stating] that [he is] allowed to pay restitution directly, freely and voluntarily" by submitting "NOT LESS THAN $25.00 per cal[e]ndar quarter[,] paid directly to the United States District Court." And Dupree submitted an affidavit stating that he had entered prison depleted of assets, but he had since participated in a work detail for which he was paid "not in excess of $15.00 per month." Later, Dupree filed a motion for clarification in which he complained that prison officials were collecting restitution payments from his prison account. The district court denied Dupree's two motions.

On April 18, 2013, the district court adjusted Dupree's order of restitution. *See* 18 U.S.C. § 3664(k). The adjusted order provided that restitution was due "in full immediately" and that Dupree had to "make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program." The adjusted order also provided that "[a]ny portion of the restitution that is not paid in full at the time of [Dupree's] release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $150 plus 25% of [his] gross income in excess of $1,250 per month."

4

Dupree filed a notice of appeal challenging the adjusted order. The district court treated the filing as a motion for reconsideration and granted relief in part. The district court ruled that it would amend its adjusted order in two ways: to specify a payment schedule because the adjusted order failed to "set forth the timing and amount of [Dupree's] restitution payments, instead leaving that to the Bureau of Prisons' discretion"; and to specify that Dupree should "begin making restitution payments immediately" because the original order of restitution "was silent as to when Dupree was to begin making restitution payments" and there was a statutory presumption that payments were due "immediately . . . unless . . . the court provide[d] for payment on a date certain or in installments," 18 U.S.C. § 3572(d)(1).

After this Court docketed Dupree's notice of appeal, the district court amended its adjusted order of restitution. The amended order provided that "restitution shall be paid immediately," but if Dupree was unable to comply, he was required to "begin making payments amounting to 30% of any wages he may earn in prison" effective "immediately." The amended order also provided that, "[a]ny portion of the restitution that . . . [remained] at the time of [Dupree's] release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $150 plus 25% of [his] gross income in excess of $1,250 per month ($15,000 per year)." Dupree appealed that order.

5

The district court lacked jurisdiction to amend its adjusted order of restitution. "Subject to exceptions not relevant here, 'the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal.'" *United States v. Diveroli*, 729 F.3d 1339, 1341 (11th Cir. 2013) (alteration omitted) (quoting *United States v. Tovar–Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995)). After the district court entered its adjusted order, Dupree filed a written notice of appeal. Although the district court treated Dupree's filing as a motion for reconsideration, it was plainly a notice of appeal, and we docketed it accordingly. The filing is captioned as a "notice of appeal," and it states unambiguously that Dupree is "tender[ing] his notice to appeal to the Court of Appeals of the Eleventh Circuit the . . . Judgment . . . dated April 18, 2013," under Rule 4 of the Federal Rules of Appellate Procedure. Dupree's written notice of appeal divested the district court of jurisdiction to amend the adjusted order.

The district court had jurisdiction to adjust the order of restitution. Section 3664(k) provides that, if a defendant submits notice "of [a] material change in [his] economic circumstances that might affect [his] ability to pay restitution," the district court "may, on its own motion, . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). The district court adjusted the order of restitution after receiving notice from

6

Dupree that his financial situation had changed. Although the adjusted order does not mention the change in Dupree's economic circumstances, his motion and accompanying affidavit state that he had been penniless when he entered prison, but he had since joined a work detail and wanted to use his earnings to make restitution payments while he was incarcerated. In the light of that information, the district court had authority to adjust the order of restitution to reflect the "*bona fide* change in [Dupree's] financial condition." *See Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003).

We nonetheless are required to vacate the adjusted order. The Mandatory Victims Restitution Act states that "the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," 18 U.S.C. § 3664(f)(2), and we have held that this judicial duty is nondelegable, *Prouty*, 303 F.3d at 1255. Dupree argues, and we agree, that the district court delegated its duty to establish a payment schedule by adopting the payment schedule devised by the Bureau. The district court later acknowledged that its adjusted order was invalid because it "[did] not set forth the timing and amount of [Dupree's] restitution payments, instead leaving that to the Bureau of Prisons' discretion." And we notice that the record does not reflect that Dupree complied with his duty to notify the Attorney General of the change in his economic circumstances or that the Attorney General complied with its duty to

certify to the district court that Dupree's victims were notified of the change in his economic circumstances. 18 U.S.C. § 3664(k).

We **VACATE** the amended and adjusted orders of restitution, and we **REMAND** for the district court to consider Dupree's ability to make installment payments and to enter an order that establishes an amount of and schedule for his restitution payments.