**Brian Aldrich DUPREE, Appellant**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
et al., Appellees**

**No. 16-5249
September Term, 2016**

United States Court of Appeals,
District of Columbia Circuit.

Filed On: February 1, 2017

Brian Aldrich Dupree, Pro Se

R. Craig Lawrence, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendant-Appellee

BEFORE: Henderson, Brown, and Pillard, Circuit Judges

### JUDGMENT

Per Curiam

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's August 18, 2016 order be affirmed. The district court did not abuse its discretion in denying appellant's motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(5). See Smalls v. United States, 471 F.3d 186, 191 (D.C. Cir. 2006). The Eleventh Circuit vacated the Georgia district court's adjusted restitution order in appellant's criminal case because that court had not specified "the manner in which, and the schedule according to which, the restitution is to be paid," as required by the Mandatory Victims Restitution Act, 18 U.S.C. § 3664(f)(2). See United States v. Dupree, 590 Fed.Appx. 857 (11th Cir. 2014), at 7. The district court's order dismissing appellant's complaint in this case held only, as a general matter, that insofar as the Inmate Financial Responsibility Program is used to implement a court's restitution order, it does not constitute excessive delegation of judicial power to the Bureau of Prisons. See 12/4/13 Order in No. 13-cv-1926. Accordingly, as the district court recognized in the order challenged in this appeal, the prior order dismissing appellant's complaint was not "based on an earlier judgment that has been reversed or vacated." Fed. R. Civ. P. 60(b)(5). See 8/18/16 Order in No. 13-cv-1926.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.