[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14109
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-23264-JAL

WILLIAM RAMIREZ,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 11, 2017)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

William Ramirez, a Florida prisoner, appeals the dismissal of his second petition for a writ of habeas corpus. 28 U.S.C. § 2254. We affirm.

Ramirez filed a petition for a writ of habeas corpus that challenged his conviction and sentence in a Florida court for kidnapping with a weapon. The district court denied Ramirez's petition as untimely. After the district court denied Ramirez's motion for a certificate of appealability, on February 24, 2014, he filed a motion in this Court to appeal the denial of his petition. *See id.* § 2253. We denied that motion on November 9, 2015.

On September 3, 2014, Ramirez filed a second petition for a writ of habeas corpus, which the district court dismissed on August 24, 2015. The district court ruled that it lacked jurisdiction to entertain a second petition while the judgment denying his first petition was pending on appeal. Had the earlier judgment not been pending on appeal, the district court stated, it "would [have] dismiss[ed] the [second] Petition as second or successive." Alternatively, the district court ruled that "to the extent the [second] Petition can be viewed as a motion to amend the original petition, . . . it is untimely."

The district court did not err by dismissing Ramirez's second petition for a writ of habeas corpus. Ramirez argues that the district court impermissibly construed his second petition as being barred by the prohibition against successive filings, *see* 28 U.S.C. § 2244(b)(3), but the district court did not dispose of

2

Ramirez's petition on that ground. The district court correctly ruled that it lacked jurisdiction to consider Ramirez's second petition while this Court was reviewing the judgment denying Ramirez's first petition. This Court and the district court cannot entertain simultaneous challenges to the same conviction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986) ("[T]he filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal . . . ."). And had Ramirez meant for his second petition to serve as a motion to amend, it was untimely. A petitioner cannot amend his petition after the district court enters judgment. *See Jones v. United States*, 304 F.3d 1035, 1043 n.16 (11th Cir. 2002) (citing Fed. R. Civ. P. 15).

We **AFFIRM** the dismissal of Ramirez's second petition for a writ of habeas corpus.