[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14470
Non-Argument Calendar
_____

D.C. Docket No. 1:92-cr-00170-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY BLYTHE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 2, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and GRANT, Circuit
Judges.

PER CURIAM:

Rodney Blythe appeals the denial of his pro se "Letter/Motion to Correct Unlawful Sentence," in which he sought to vacate his new term of supervised release. We affirm.

I.

In September 2018, while serving a five-year term of supervised release imposed as part of his sentence for drug crimes he committed in 1992, Blythe was arrested for driving under the influence. Blythe's probation officer petitioned the district court to revoke his term of supervised release. Blythe waived his right to a revocation hearing and admitted that he had violated the conditions of his supervised release. The district court revoked Blythe's supervised release and sentenced him to 11 months in prison followed by a four-year term of supervised release. Blythe appealed, arguing through counsel that his 11-month imprisonment sentence was procedurally and substantively unreasonable. We affirmed. *United States v. Blythe*, 795 F. App'x 667 (11th Cir. 2019).

In October 2019, while his counseled appeal from his supervised release revocation was still pending, Blythe filed a pro se "Letter/Motion to Correct Unlawful Sentence," arguing that the four-year term of supervised release imposed as part of his revocation sentence violated the Ex Post Facto Clause and should be vacated. The district court denied the motion for "the reasons stated during the Revocation Hearing." Blythe now appeals that order.

II.

We affirm the denial of Blythe's motion for two reasons.  First, the district court lacked the authority to grant a motion to modify Blythe's sentence because his direct appeal from the same judgment was pending in this Court—"it is settled that during the pendency of an appeal the trial court is without authority to modify a sentence meted out after final judgment."  *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986).[1]

Second, Blythe could have raised his Ex Post Facto argument in his direct appeal, but he failed to do so.  We decline to consider it now.  *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (a matter omitted from a first appeal "may be held foreclosed on a later appeal to the same court as a matter of law of the case"); *United States v. Fiallo-Jacome*, 874 F.2d 1479, 1482 (11th Cir. 1989) (declining to give the appellant "two bites at the appellate apple").  Accordingly, we affirm the district court's denial of Blythe's pro se motion to correct his sentence.

---

[1]  Generally, "the filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal."  *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986).  We have held, however, that a district court retains jurisdiction to deny a motion attacking a judgment while an appeal from the judgment is pending, because the denial works "in furtherance of the appeal."  *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003); *cf.* Fed. R. Crim. P. 37(a) ("If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.").

**AFFIRMED.**