[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11848

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANTISEK PRIBYL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:17-cr-00015-MW-MAF-1

_____

_____

No. 20-14333

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANTISEK PRIBYL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:17-cr-00015-MW-MAF-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Frantisek Pribyl, a federal prisoner proceeding *pro se*, appeals following the district court's denial of his motions for home

confinement under the CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 516 (2020), and for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). We grant the government's motion for summary affirmance.

## I.

Pribyl is serving a ten-year total sentence for one count of attempting to entice a minor to engage in sexual activity and one count of travelling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor. He filed two *pro se* motions with the district court. In the first, he asked the court to release him to home confinement under the CARES Act and Section 3582(c)(1)(A), citing his health issues and the 18 U.S.C. § 3553(a) factors as reasons to grant him relief. In the second, he asked the district court to grant him compassionate release under Section 3582(c)(1)(A), arguing that his family circumstances and medical conditions were extraordinary and compelling reasons warranting compassionate release.

The district court denied the first motion, concluding that the CARES Act did not grant Pribyl a right to directly petition the court for home confinement. It denied the second motion after concluding that (i) it lacked authority to reduce his total sentence because a direct appeal of his underlying criminal case was pending; (ii) to the extent he was seeking an indicative ruling under Federal Rule of Criminal Procedure 37, it would have found that he failed to demonstrate extraordinary and compelling reasons

warranting compassionate release; and (iii) even if he had met the criteria for early release, it would not have exercised its discretion to reduce his total sentence after considering the Section 3553(a) factors. Pribyl appealed both rulings, and this Court consolidated those cases. After Pribyl filed his brief, the government moved for summary affirmance and to stay the briefing schedule.

## II.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review a district court's denial of a prisoner's motion for compassionate release under Section 3582(c)(1)(a) for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

We liberally construe *pro se* pleadings. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Nevertheless, "[w]hen an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

## III.

Pribyl appeals the district court's orders denying him home confinement and compassionate release. We address each of his arguments in turn.

### A.

As an initial matter, Pribyl makes several arguments that are beyond the scope of our review. He argues that prison officials have violated his due process and equal protection rights by providing inadequate medical care, imposing harsh physical treatment, and discriminating against him based on his national origin. And in a supplemental document filed several months after his initial brief, he further asserts that that he is innocent, that he did not receive a fair trial, and that he was prevented from raising certain arguments on direct appeal.

Many of these arguments are not properly before us—either because they were not raised in Pribyl's motions before the district court or because they were not raised in his initial brief. *See Waldron v. Spicher*, 954 F.3d 1297, 1304 (11th Cir. 2020); *United States v. Smith*, 416 F.3d 1350, 1352 n.1 (11th Cir. 2005). And none of them pertain to his eligibility for home confinement or compassionate release. *See* CARES Act § 12003(b)(2); 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. We therefore decline to address them here.

*B.*

We first consider the district court's order denying Pribyl home confinement. The government asserts that Pribyl's appeal was untimely because it was not filed within fourteen days of the corresponding order. *See* Fed. R. Crim. P. 4(b)(1)(A). But on limited remand, the district court determined that that the delay was due to excusable neglect and granted an extension of the appeal period. The government's timeliness argument thus fails, *see* Fed. R. App. P. 4(b)(4).

All the same, in his appellate brief, Pribyl has not expressly raised any arguments regarding his motion under the CARES Act. He has therefore abandoned any challenge to the district court's denial of his first motion. *See Sapuppo*, 739 F.3d at 680.

And even if Pribyl had raised such a challenge, it would fail. The CARES Act expands the authority of the Bureau of Prisons under 18 U.S.C. § 3624(c)(2) to place a prisoner in home confinement. *See* CARES Act § 12003(b)(2). But it does not provide the *judiciary* any additional authority to grant home confinement to a prisoner. *See id.* Accordingly, the district court correctly denied Pribyl's motion.

*C.*

We now turn to the order denying Pribyl compassionate release. Pribyl argues that his medical condition warrants compassionate release because he experiences high blood pressure, high

cholesterol, trouble breathing, elevated stress, and generally deteriorating health. He also states that he needs to take care of his ailing mother and brother.

While an appeal is pending, "the trial court is without authority to modify a sentence meted out after final judgment." *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986). But even while an appeal is pending, the district court may issue an indicative ruling. *See* Fed. R. Crim. P. 37; Fed. R. App. P. 12.1.

Under 18 U.S.C. § 3582(c)(1)(A), a district court may reduce a prisoner's sentence only if it finds, in relevant part, that "extraordinary and compelling reasons warrant such a reduction" and that it would be "consistent with applicable policy statements issued by the Sentencing Commission." The United States Sentencing Guidelines Manual § 1B1.13 contains the applicable policy statement. *United States v. Bryant*, 996 F.3d 1243, 1242 (11th Cir. 2021). The commentary to that section lists a defendant's medical condition, age, and family circumstances as possible extraordinary and compelling reasons warranting a sentence reduction. U.S.S.G. § 1B1.13 cmt. (n.1(A)–(C)).

We conclude that the district court did not abuse its discretion in denying Pribyl's motion for compassionate release. As mentioned, his direct appeal from his convictions and total sentence was pending when the district court ruled on his second motion. Accordingly, the district court correctly concluded that it did not have the authority to reduce his sentence. *See Shewchun*, 797 F.2d at 942.

8                    Opinion of the Court                    20-11848

But even if we construe Pribyl's motion as one seeking an indicative ruling, he pointed to no extraordinary and compelling reasons warranting his release. We have noted that the fact that a prisoner has a common ailment is not an "extraordinary and compelling reason" for early release from prison. *See Harris*, 989 F.3d at 912. And a district court does not err in finding a defendant ineligible for compassionate release where certain health conditions are manageable in prison. *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (high cholesterol, hypertension, and coronary artery disease). Although a defendant's family circumstances may warrant a sentence reduction under certain circumstances, those do not apply here. U.S.S.G. § 1B1.13 cmt. (n.1(C)). Finally, even assuming Pribyl had identified extraordinary circumstances that could warrant compassionate release, we cannot say the district court abused its discretion in weighing the Section 3553(a) factors.

## IV.

Because the government's position is "clearly right as a matter of law," *see Groendyke*, 406 F.2d at 1162, we GRANT its motion for summary affirmance and DENY as moot its motion to stay the briefing schedule, along with any remaining motions.