[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12764

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LUIS BATISTA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:14-cr-20866-AMC-2

_____

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Luis Batista appeals the district court's denial of his *pro se* motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred in denying his motion because he met the "extraordinary and compelling reasons" requirements in U.S.S.G. § 1B1.13 based on his long-term medical conditions. He also contends that the district court erred in finding that the 18 U.S.C. § 3553(a) factors weighed against granting compassionate release.

## I

We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c)(1)(A). *See United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). After eligibility is established, we review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *See id.* A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. *See id.*

Notably, the district court order must show a reasoned basis for its decision. *See United States v. Stevens*, 997 F.3d 1307, 1317 (11th Cir. 2021). "[E]ven though our review is only for abuse of discretion, the district court must still provide this Court with enough explanation in order to determine whether such an abuse has

occurred." *Id.* Where the explanation is inadequate, we will remand to the district court for a more complete explanation. *See id.* For example, in *Stevens* we held that the district court had failed to provide the minimum explanation required, as it provided no indication of what, if anything, it had considered in making its determination, did not mention or reference the § 3553(a) factors or any other facts or circumstances that it had considered, and did not address the defendant's specific arguments, including those related to post-offense rehabilitation. *See id.*

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys and are liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, an issue is deemed abandoned if a *pro se* appellant makes only a passing reference to it, or he raises it in a perfunctory manner without supporting authority or arguments. *See United States v. Horn*, 129 F.4th 1275, 1305 (11th Cir. 2025). Typically, the district court is divested of jurisdiction over matters at issue on appeal once a timely notice of appeal is filed, except to the extent that the court must act in aid of the appeal. *See Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986) (holding that the trial court was divested of authority to modify the defendant's sentence after he had filed a notice of appeal).

## II

In general, a district court may not modify a sentence once it has been imposed, except under certain circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Harris*, 989 F.3d 908, 909 (11th

Cir. 2021). Either the Bureau of Prisons, or a defendant who has fully exhausted administrative remedies, may move the court to reduce the term of imprisonment based on compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if (1) the § 3553(a) sentencing factors favor doing so; (2) there are "extraordinary and compelling reasons" for doing so; and (3) doing so would not endanger any person or the community within the meaning of 18 U.S.C. § 3142(g), and a reduction is consistent with applicable Sentencing Commission policy statements. *See* § 3582(c)(1)(A); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A court need not address these three conditions in a specific sequence, as the lack of even one forecloses a sentence reduction. *See Tinker*, 14 F.4th at 1237–38. If the court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *See id.*

The applicable policy statement for § 3582(c)(1)(A) is set out in U.S.S.G. § 1B1.13, p.s. As amended in 2023, § 1B1.13 lists six categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; (4) the defendant being a victim of sexual or physical abuse while in custody; (5) "[o]ther [r]easons"; and (6) an "unusually long sentence." § 1B1.13(b)(1)–(6); *see also* U.S.S.G. App. C, Amend. 814 (effective Nov. 1, 2023). When reviewing the district court's application of the Sentencing Guidelines, we apply

the version in effect at the time of the district court's decision.  *See United States v. Jerchower*, 631 F.3d 1181, 1184 (11th Cir. 2011).

Under § 1B1.13(b)(1) there are four ways for the defendant to demonstrate extraordinary and compelling reasons for release based on a defendant's medical conditions.  *See* § 1B1.13(b)(1)(A)–(D).  First, the defendant can show that he is suffering from a terminal illness, such as metastatic solid-tumor cancer, end-stage organ disease, or advanced dementia, but a specific prognosis of life expectancy is not required.  *See* § 1B1.13(b)(1)(A).  Second, the defendant can show that he is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13(b)(1)(B)(i)–(iii).  Third, the defendant can show that he suffers from a medical condition that requires long-term or specialized medical care that is not being provided, and without such medical care, the defendant faces a risk of serious deterioration in health or death.  *See* § 1B1.13(b)(1)(C).  Lastly, the defendant can show that he is at a facility with an imminent risk of or is affected by an outbreak of an infectious disease or ongoing public health emergency, or is at increased risk of suffering severe medical complications or death because of exposure to the disease because of personal factors, and such risk cannot be adequately mitigated.  *See* § 1B1.13(b)(1)(D)(i)–(iii).

As to age, § 1B1.13(b)(2) states that the defendant qualifies for compassionate release if he is "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less."

There is a catchall provision for "[o]ther [r]easons," which states that a prisoner may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described [above], are similar in gravity" to the other examples listed. *See* § 1B1.13(b)(5). And § 1B1.13(b)(6) provides that, if a defendant received an "unusually long sentence" and has served at least ten years, a change in law, other than a non-retroactive amendment to the Guidelines, may be considered if the change would produce a gross disparity between the defendant's sentence at the time it was imposed and when the motion was filed.

The policy statement, in § 1B1.13(c), provides the following regarding limitations on consideration of changes in law:

> Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law . . . may be considered for purposes of determining the extent of any such reduction.

In order to qualify for compassionate release, § 1B1.13(a)(2) also provides that the district court must find that the defendant is not a danger to any other person or to the community under 18 U.S.C. § 3142(g). To determine whether a defendant is a danger to the community under § 3142(g), the court must consider (1) the nature and circumstances of the offense charged, including whether it is a crime of violence, a terrorism crime, involved a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* § 3142(g).

## III

We conclude that the district court did not abuse its discretion in denying Mr. Batista compassionate release based on the standards in § 1B1.13. Mr. Batista did not show that his medical conditions or age, or a combination of both, were extraordinary and compelling reasons for release.

The district court stated that it had (a) considered Mr. Batista's motion, which described his lung scan and (b) reviewed the attachments, which included the results of the scan, and then found that Mr. Batista was not eligible for a sentence reduction. *See* D.E. 99 at 17; D.E. 99-1 at 28–31; D.E. 103. The court also explicitly stated that Mr. Batista's medical circumstances did not meet the extraordinary and compelling reasons identified in § 1B1.13. *See* D.E. 103.

Mr. Batista alleged in his motion that there was a possibility he could develop cancer from his lung nodules, but he did not show that the condition was terminal, seriously impaired his functioning, or required specialized care because his supporting doctor's notes only indicated that he would require follow up.  *See* D.E. 99 at 17; D.E. 99-1 at 28–31.  In his reply to the government's response to his motion for compassionate release, Mr. Batista noted that he did not have a timely follow-up appointment to the CT scan, despite eight months having passed, but this fact does not indicate that the district court abused its discretion, especially given that the report stated that there was a "very low likelihood" of the nodules becoming active cancer.  *See* D.E. 99 at 28–31; D.E. 102 at 3; *Giron*, 15 F.4th at 1345.  As such, the court's explanation for its denial of Batista's motion for compassionate release based on his CT scan was reasoned and not an abuse of discretion.  *See Stevens*, 997 F.3d at 1317.

With respect to whether the other medical conditions that Mr. Batista alleged in his motion for reconsideration—including obesity, Type 2 diabetes, hypertension, anxiety, depression, deteriorating physical capabilities, and a lack of vision and dental care—qualified, he arguably abandoned those conditions on appeal because he only specifically mentioned his lung CT scan in his brief. *See* D.E. 99 at 6–8; *Horn*, 129 F.4th at 1305.  But even if he had raised those other matters, the district court did not abuse its discretion in concluding that none of his other medical conditions were an extraordinary or compelling reason for release.  None of these medical conditions rose to the level of severity required by § 1B1.13, given that Mr. Batista was still able to take care of himself

and maneuver around the prison facility, and he did not allege that any of the conditions were terminal. *See* D.E. 99 at 6–8; D.E. 99-1 at 5. The court did not err in finding that these conditions were not extraordinary and compelling reasons under § 1B1.13, *see* D.E. 103, and this provided enough explanation for us to determine that it did not abuse its discretion. *See Stevens*, 997 F.3d at 1317.

As for his risk of exposure to COVID-19 and his age, Mr. Batista does not raise these concerns in his initial brief, and the district court included in its reasoning that these factors did not qualify him for release. *See* Appellant's Br. at 5–6; D.E. 103; § 1B1.13(b)(1)–(2). Although Mr. Batista was 70 years old and had served nearly 10 years of his sentence, the court did not find that he was experiencing a serious deterioration in physical or mental health because of the aging process. *See* § 1B1.13(b)(2). While § 1B1.13(b)(1)(D)(i)–(iii) covers the risk of exposure to an infectious disease, the court found that COVID-19 was not an extraordinary and compelling reason to grant Mr. Batista release. While Mr. Batista may be at a higher risk of the harmful effects of COVID-19 at his age, there was no indication that the court relied on clearly erroneous facts or an improper legal standard in denying his motion. *See Giron*, 15 F.4th at 1345.

The district court also noted that no combination of circumstances qualified Mr. Batista for relief, indicating that it had contemplated the catchall provision under § 1B1.13(b)(5). *See* D.E. 103. We see no error in this determination either.

As noted, if one of the three necessary conditions for compassionate release is not met, the district court need not examine

the other prongs. *See Giron*, 15 F.4th at 1348. The last prong that must be met for the court to grant compassionate release is that the § 3553(a) factors support release. *See Tinker*, 14 F.4th at 1237. We need not determine whether the district court properly found that the § 3553(a) factors weighed against Mr. Batista's release because the court's determination that he did not meet the § 1B1.13 criteria alone was sufficient to deny his motion.

## IV

The district court's order denying Mr. Batista's motion for compassionate release is affirmed.

**AFFIRMED.**