[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11975

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GABRIEL HAKEEM LEE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cr-00091-ECM-CWB-3

_____

2                      Opinion of the Court                      23-11975

_____

No. 23-11977

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

GABRIEL HAKEEM LEE,
a.k.a. Gabe,
a.k.a. Big Blood,
a.k.a. B Blood,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:12-cr-00131-ECM-CWB-1

_____

Before LUCK, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This consolidated appeal arises from Gabriel Hakeem Lee's conviction for distributing 50 grams or more of methamphetamine along with his supervised release revocation stemming from that offense. Lee appeals his substantive drug sentence as well as his supervised release revocation and sentence. This consolidated appeal requires us to decide two issues: (1) whether the record reveals any arguable issues of merit to support Lee's appeal of his supervised release revocation and sentence pursuant to *Anders v. California*, 386 U.S. 738 (1967); and (2) the legal effect of the district court's order purporting to reduce Lee's sentence on his substantive drug conviction while his direct appeal of that sentence was already pending. We address each in turn.

### *The Pending* Anders *Motion*

Several months after filing these appeals, Lee's appointed counsel, Thomas M. Goggans, moved to withdraw from both and submitted a consolidated *Anders* brief as required. We denied Goggan's *Anders* motion as to Lee's appeal of his substantive drug sentence and ordered merits briefing as to whether part A of Amendment 821 to the sentencing guidelines retroactively lowered Lee's criminal history category and guideline range. But Goggans's *Anders* motion as to Lee's supervised-release-revocation appeal remains pending.

As to the pending *Anders* motion, our independent review of the entire record reveals that counsel's assessment of the relative merit of Lee's appeal from his supervised release revocation and sentence is correct. *See Anders*, 386 U.S. at 744. Because

independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw from that appeal is **GRANTED**, and Lee's supervised release revocation and sentence are **AFFIRMED**.

*The Sentence Reduction Order*

We now turn to Lee's appeal of his substantive drug conviction and sentence. After that appeal was already filed and after Goggans had already moved to withdraw from it, Lee filed a *pro se* motion for appointment of counsel in the district court. In that motion, Lee argued Goggans had failed to pursue Lee's direct appeal seeking relief to which he was entitled based upon the applicable retroactive amendment to the sentencing guidelines. Specifically, Lee argued that the district court erred by adding two levels to his criminal history score because he was on probation at the time of the underlying drug offense. Lee further argued appointed counsel's failure to pursue Lee's appeal "was ineffective" and requested assistance of counsel to pursue the two-level sentence reduction pursuant to the retroactive amendment.

The following day, the district court construed Lee's motion as "seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821" to the guidelines and referred the motion to a screening panel for a recommendation. A few months later—and on the same day we denied Goggans's substantive-conviction *Anders* motion and ordered briefing as to that appeal—the district court entered an order purporting to (1) grant Lee's motion for a sentence reduction pursuant to section 3582(c)(2) and

(2) reduce Lee's sentence from 121 months' imprisonment to 108 months' imprisonment.

A "notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal, except to the extent that the trial court must act in aid of the appeal." *Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986); *see also United States v. Tovar-Rico*, 61 F.3d 1529, 1532 (11th Cir. 1995) ("A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." (alteration adopted and citations omitted)). Thus, "it is settled that during the pendency of an appeal the trial court is without authority to modify a sentence meted out after final judgment." *Shewchun*, 797 F.2d at 942.

When a district court confronts a motion for relief that it lacks authority to grant because of a pending appeal, it has three options. The district court may (1) defer ruling, (2) deny the requested relief, or (3) "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue"—a procedure called an indicative ruling. *See* Fed. R. Crim. P. 37(a); *see also* Fed. R. App. P. 12.1(b) (setting forth procedure for remand following an indicative ruling and explaining that, "[i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of

appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal.").

Lee argues we should treat the district court's order as an indicative ruling that it would reduce Lee's sentence under section 3582(c)(2).  Lee further argues that we should order a limited remand to allow the district court to do so.  The government agrees that Lee is entitled to a sentence reduction pursuant to Amendment 821 and further agrees that limited remand here is proper. We agree with the parties.

The district court lacked authority to reduce Lee's sentence under section 3582(c)(2) because his direct appeal from that judgment was already pending before this Court.  Indeed, review of the record indicates that Lee's substantive-offense appeal was pending for over seven months prior to the district court's order purporting to reduce his sentence on Lee's substantive drug conviction.  Because the notice of appeal "divest[ed] the trial court of jurisdiction over the matters at issue in the appeal," *Shewchun*, 797 F.2d at 942, the district court lacked authority to reduce Lee's sentence.  Nevertheless, the district court made clear its intent to grant Lee's requested sentence reduction, so we treat its order as an indicative ruling that it would reduce Lee's sentence under section 3582(c)(2) if we were to order a limited remand.

Accordingly, Lee's appeal of his substantive drug sentence is **REMANDED** for the limited purpose of allowing the district court to enter an order regarding Lee's entitlement to relief under section 3582(c)(2).  *See* Fed. R. App. P. 12.1(b) ("If the district court states

23-11975                Opinion of the Court                7

that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal."). Once the district court has issued its ruling, it shall return the supplemented record to this Court for proper consideration of the appeal.