**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12129

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DAVID J. LONICH,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cr-00114-ECM-1

_____

Before ROSENBAUM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant David Lonich, a former attorney proceeding pro se, appeals the district court's denials of his motion for early termination of supervised release and his subsequent motion

for reconsideration.  He argues that the court erroneously declined to rule on the merits of his motion because it retained jurisdiction over his supervised release, despite his challenges pending on appeal before the Ninth Circuit.  After careful review, we affirm.

## I.

In 2017, Lonich was charged and convicted on multiple counts arising out of complex fraud schemes, including bank fraud, wire fraud, money laundering, conspiracy, making a false bank entry, and attempted obstruction of justice in the Northern District of California.  He appealed to the U.S. Court of Appeals for the Ninth Circuit, which affirmed his convictions but remanded for new sentencing.[1]  Relevant to this appeal, on remand, Lonich was sentenced to five years of supervised release in 2023.  Lonich also appealed his sentence to the Ninth Circuit.  While his second appeal was pending in April 2024, Lonich's supervision was transferred to the Middle District of Alabama where he now resides.

In late 2024, Lonich moved to terminate his supervised release in the Middle District of Alabama.  In May 2025, the district court declined to rule on the merits of his motion because Lonich's second appeal to the Ninth Circuit remained pending, and the court found it lacked jurisdiction to terminate his supervised release when the Ninth Circuit could vacate Lonich's sentence again,

---

[1] The California district court resentenced Lonich to time served and five years of supervised release.  It also ordered that Lonich forfeit certain property and reserved ruling on the issue of restitution, which remains outstanding.

including his supervised release.  The district court denied Lonich's motion without prejudice.  Lonich moved for reconsideration, which the district court denied.  Lonich timely appealed that order to this court.  During the pendency of this appeal, the Ninth Circuit affirmed his sentence. *United States v. Lonich*, No. 24-1673, 2025 WL 3528324, at *1 (9th Cir. Dec. 9, 2025) (Mem.).

## II.

We review de novo whether a pending appeal divests the district court of jurisdiction over an issue.  *United States v. Tovar–Rico,* 61 F.3d 1529, 1532 (11th Cir.1995).  The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over the aspects of the case involved in the appeal." *Id.*  When an appeal is filed, "the district court is divested of jurisdiction to take *any* action with regard to the matter except in aid of the appeal." *Shewchun v. United States,* 797 F.2d 941, 942 (11th Cir. 1986).  The district court does not regain jurisdiction until the mandate has been issued.  *Zaklama v. Mount Sinai Med. Ctr.,* 906 F.2d 645, 649 (11th Cir. 1990).  The rule against dual jurisdiction "serves two important interests: judicial economy, for it spares the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals; and considerations of fairness to parties who might otherwise be forced, as a matter of tactics, to fight a 'two front war' for no good reason." *Shewchun,* 797 F.2d at 943.

Here, the district court correctly determined that it lacked jurisdiction to address Lonich's motion to terminate his supervised

4                    Opinion of the Court                    25-12129

release.[2] Our case law does not directly address whether a district court lacks jurisdiction over a case when there is a pending appeal in another circuit. However, our case law does support the broad principle that a district court lacks jurisdiction when a case is on appeal. *See Shewchun,* 797 F.2d at 942; *Mahone v. Ray,* 326 F.3d 1176, 1179–80 (11th Cir. 2003).

Given the facts of this case, the broad principal supports the district court's finding that it lacked jurisdiction when Lonich filed his motion. Lonich moved to terminate his supervised release when it was still unclear if his sentence, including the supervised release, would be upheld on appeal. The court's determination that it lacked jurisdiction services judicial economy because the Ninth Circuit's decision could have mooted the inquiry before the district court.[3] *Shewchun,* 797 F.2d at 943.

---

[2] Lonich argues that he meets the statutory requirements for termination of his supervised release under 18 U.S.C. § 3583(e)(1), and that this court can order that relief. The government argues that if the court has jurisdiction to address this motion, then the court can affirm because restitution remains outstanding in the Northern District of California and would support denying Lonich's request to terminate his supervised release. We decline to do either of these requests. We are "a court of review, not a court of first view." *Callahan v. U.S. Dep't of Health & Hum. Servs. through Alex Azar II,* 939 F.3d 1251, 1266 (11th Cir. 2019). And we are particularly hesitant to address "unavoidably fact-sensitive" questions that should first be addressed by a district court. *Id.*

[3] We also note that since the Ninth Circuit has decided the question of Lonich's supervised release, nothing prevents Lonich from moving again to terminate his supervised release. *See* 18 U.S.C. § 3583(e)(1); *see also United*

25-12129                    Opinion of the Court                    5

**AFFIRMED.**

---

*States v. Trailer*, 827 F.3d 933, 937 (11th Cir. 2016).  And that decision is left to the discretion of the district court.  *Trailer*, 827 F.3d at 937.